**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Kevin Ryan GORDON, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 14, 2005.
Filed April 3, 2006.

John A. Abom, Carlisle, for appellant.

Jaime M. Keating, Asst. Dist. Atty., Carlisle, for Com., appellee.

BEFORE: FORD ELLIOTT, STEVENS, JJ., and McEWEN, P.J.E.

OPINION BY McEWEN, P.J.E.:

¶ 1 Appellant, Kevin Ryan Gordon, brings this appeal from the judgment of sentence to serve concurrent terms of twelve months of supervised probation, imposed after he was convicted following a nonjury trial on charges of possession of a firearm without a license, and possession of a schedule one controlled substance. We affirm the sentence imposed on the firearms violation, vacate the sentence imposed on the possession of a controlled substance, and remand this case for further proceedings.

¶ 2 The salient background information and procedural history were developed at the suppression hearing and the trial held in this matter. During the suppression hearing the court heard the testimony of Officer Adolfo Heredia of the Carlisle Police Department, who stated that on July 26, 2003, he, along with Officers O'Leary and Parson,[1] was investigating an unrelated incident when he noticed a red Chevrolet Geo Storm coupe he believed was driven by Rafael Anil. Officer Heredia recognized the Chevrolet as the vehicle Mr. Anil was driving when he stopped it several weeks prior for a traffic infraction,[2] and he knew that there was an open simple assault case that Officer Parson was investigating in which Mr. Anil was the suspect. As a result, Officer Heredia pursued and then stopped the Chevrolet and verified that Mr. Anil was the driver. Officers O'Leary and Parson arrived on the scene and took Mr. Anil into custody based upon the open simple assault case. During the search incident to the arrest, Officer Heredia discovered approximately $3177.00 on the person of Mr. Anil. While this search was going on, appellant remained seated in the front passenger seat of the stopped vehicle.

¶ 3 As Mr. Anil was being taken to a patrol car, an unknown, African–American female arrived on the scene. Mr. Anil began yelling that he wanted appellant and the female to take his money (referring to the $3,177.00), that he was not a drug dealer, and that the money was going to smell like drugs because he was addicted to marijuana. Officer Heredia secured Mr. Anil in the police cruiser, returned to appellant, and advised him that he was free to leave, but that he would have to walk because the vehicle was going to be impounded.

¶ 4 As appellant began walking away, Officer Heredia asked him if there were any drugs or guns in the car, to which

---

1. The first names of Officers O'Leary and Parson do not appear in the record.

2. The vehicle was distinctive in its appearance in that it was old and battered and had what Officer Heredia described as fake, plastic "dove rims." N.T., June 30, 2004, p. 18.

appellant replied that there were not. Appellant then walked away from the scene. However, he returned several seconds later and told Officer Heredia that he owned a gun and that it was in the car. At that point, Officer Heredia informed Officer Parson that there was a gun in the car, and "advised [appellant] to stand back and tell [him, Officer Heredia] where the gun was." N.T. June 30, 2004, pp. 10–11, 12. Officer Parson proceeded to the passenger side of the car, where appellant had been sitting, to search for the gun, but found only what appeared to him to be a marijuana cigarette on the floorboard. Appellant then informed Officer Heredia "that the gun was in the back of the [hatchback] car in a green book bag." *Id.* at p. 14. Officer Heredia relayed that information to Officer Parson who subsequently located the book bag, in which he found a loaded nickel and black finish Ruger model P95 DC. Appellant was then placed under arrest.

¶ 5 Officer Parson was walking appellant back to the patrol car when appellant volunteered the additional information that there was also marijuana in his book bag,[3] which was then discovered and seized. Officer Heredia ultimately obtained a search warrant for the vehicle, but found no additional evidence related to appellant. Based, however, on the evidence accumulated, appellant was charged with possession of a firearm without a license,[4] possession of a controlled substance,[5] and possession of a small amount of marijuana.[6]

¶ 6 On May 27, 2004, appellant filed an omnibus pre-trial motion in which he argued that the seizure of marijuana and the gun by police without a warrant violated his constitutional rights in that he had not consented to a search of his person or belongings. Appellant also contended that any statements made by him once he was in custody were made in violation of his constitutional rights and/or were the product of an earlier, unlawful search.

¶ 7 The trial court, on November 17, 2004, denied appellant's motion to suppress, based upon its conclusion that appellant had consented to the searches, and that there was no evidence that appellant was unlawfully detained or that his consent was coerced. Thereafter, appellant signed a waiver of jury trial, and proceeded to trial.

¶ 8 At trial, the Commonwealth and appellant stipulated, *inter alia,* that appellant owned the gun but did not have a permit to carry a concealed weapon in the Commonwealth, that the cigarette found on the passenger floor of the vehicle contained marijuana, and that the marijuana recovered from the book bag weighed a total of 8.67 grams. The transcript from the suppression hearing was also admitted as an exhibit. Neither the Commonwealth nor appellant introduced any additional testimony. At the close of the record, the trial court found appellant guilty of possession of a controlled substance and possession of a firearm without a license, and dismissed the count of possession of a

---

**3.** At the suppression hearing the Commonwealth conceded that any statements made by appellant were spoken prior to the giving of *Miranda* warnings. *See: Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**4.** 18 Pa.C.S. § 6106(a)(1).

**5.** 35 P.S. § 780–113(a)(16).

**6.** 35 P.S. § 780–113(a)(31). It bears mention that this statute spells the term "marihuana," but we will utilize the more common spelling, "marijuana," as that is how the term is spelled most often in the record.

small amount of marijuana.[7] Sentence was thereafter imposed, and this timely appeal followed.

¶ 9 Appellant, in the brief filed in support of this appeal, sets out the following claims:

> The trial court erred in concluding that the police officers had probable cause to stop the vehicle in which appellant was a passenger.
>
> The trial court erred in concluding that the police lawfully searched the vehicle and the appellant's book bag
>
> The trial court erred in finding appellant guilty of the general offense of possession of a controlled substance rather than the more specific offense of possession of a small amount of marijuana?

Based upon our review of the record and the arguments of counsel we find no merit to the first two of these claims and, for the reasons expressed in the Memorandum that is simultaneously filed with this Opinion, we conclude that they do not warrant the grant of appellate relief. However, as set out more fully below, we do find merit in appellant's third claim.

■■ ¶ 10 Appellant contends that, since the total weight of the marijuana seized fell well within the specific language of the definition of unlawful possession of a small amount of marijuana provision, the trial court erred in finding him guilty of the more serious offense of possession of a controlled substance, specifically marijuana, instead of the "more specific" offense of unlawful possession of a small amount of marijuana as defined in The Controlled Substance, Drug, Device and Cosmetic Act.[8] Resolution of this claim requires an analysis of the intended effect of two separate statutory offenses of which appellant was charged: the offense of knowingly or intentionally possessing a controlled substance as defined in 35 P.S. § 780–113(a)(16),[9] and the offense of possession of a small amount of marijuana for personal use, or with the intent to distribute but not sell it, as defined in 35 P.S. § 780–113(a)(31).[10]

---

7. "Where there is a discrepancy between the sentence as written and as orally pronounced, '[t]he pronounced sentence as recorded on the indictments always controls.'" *Commonwealth v. Fleming*, 332 Pa.Super. 118, 480 A.2d 1214, 1223 (1984) (citations omitted). The trial court, on January 28, 2005, stated that "I am of the view that the marijuana charge as a separate count merges into Count 1 ... and Count 3 is dismissed, small amount," and indicated in its Order issued that same day that "Count 3 is dismissed, small amount." N.T., January 28, 2005, p. 5; Order, January 28, 2005. Hence, all written references to the charges indicate that this charge was dismissed, and nowhere was appellant found guilty of Count 3. Therefore, there could be no merger of sentences on the charges of possession of a controlled substance and possession of a small amount of marijuana.

8. Act of April 14, 1972, P.L. 233, No. 64, §§ 1 *et seq.*

9. Subsection (16) of the Act defines the offense of possession of a controlled substance as follows:

> The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> . . .
>
> (16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under th[e] act.
>
> 35 P.S. 780–113(a)(16).

10. Subsection (31) of the Act defines the offense for possession of a small amount of marijuana as follows:

> The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> . . .
>
> Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use; (ii) the possession of a small amount of marihuana with the intent to distribute it but not to sell

¶ 11 The tension created by the inclusion within the same statutory provision of two subsections addressing the same conduct was discussed by this Court in *Commonwealth v. Giampa*, 846 A.2d 130 (Pa.Super.2004), a case in which the defendant was charged with possession of a small amount of anabolic steroids, and was convicted under the general statutory subsection prohibiting the possession of controlled substances, as set forth in subsection (a)(16) of section 780–113. Giampa argued to this Court that he was entitled to discharge because subsection (a)(37) of the same statute, governed the possession of "more than three trade packages" of anabolic steroids,[11] and that he could not, therefore, be convicted of a crime for possession of less than that amount. This argument ignored the statutory language of the offense for which Giampa was convicted, and our eminent colleague, Judge Richard B. Klein, writing for the Court, found the contention meritless:

> Merely because the statute sets forth a sanction for possessing **greater** amounts of steroids in a separate section does not mean that the general prohibition of steroids allows one to possess a small amount without fear of **any** sanction.

*Giampa, supra,* 846 A.2d at 131 (emphasis in original).

¶ 12 In the present case, however, we are faced with the converse situation. Appellant had been specifically charged with committing a violation of subsection (31) of section 780–113, proscribing the possession of a small amount of marijuana, as well as a violation of the general proscription against possession of a controlled substance as defined in subsection (16) of section 780–113.[12] The trial court here found as a fact that appellant possessed an amount of marijuana of a weight of 8.67 grams, plus an undisclosed amount of marijuana that was contained in a single cigarette—the total weight of which was considerably less than the statutory benchmark of thirty grams that the General Assembly defines as "a small amount of marijuana." Nevertheless, the trial court opted to find appellant guilty of the more serious of these charged offenses.

¶ 13 The rules of statutory construction, which govern our interpretation of ambiguities or conflicting statutory provisions, compel us to reverse the ruling of the trial judge and vacate the judgment of sentence imposed on this offense. Those rules, as codified in the Statutory Construction Act,[13] provide in relevant part:

### § 1921. Legislative intent controls

(a) The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to **all** its provisions.

. . .

. . .

(37) The possession by any person, other than a registrant, of more than thirty doses labeled as a dispensed prescription or more than three trade packages of any anabolic steroids listed in section 4(3)(vii).
35 P.S. § 780–113(a)(37).

---

it; or (iii) the distribution of a small amount of marihuana but not for sale.
For purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marihuana.
35 P.S. 780–113(a)(31).

**11.** The subsection at issue in *Giampa* reads as follows:
The following acts and the causing thereof within the Commonwealth are hereby prohibited:

**12.** *See:* footnote 9, *supra.*

**13.** Act of Dec. 6, 1972, P.L. 1339, No. 290 § 3, 1 Pa.C.S. § 1501 *et seq.*

(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

. . .

(3) The mischief to be remedied.

(4) The object to be attained.

. . .

(6) The consequences of a particular interpretation.

1 Pa.C.S. § 1921 (emphasis supplied).

### § 1922. Presumptions in ascertaining legislative intent

In ascertaining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used:

. . .

(2) That the General Assembly intends *the entire statute to be effective* and certain.

1 Pa.C.S. § 1922 (emphasis supplied).

### § 1928. Rule of strict and liberal construction

. . .

(b) All provisions of a statute of the classes hereafter enumerated shall be strictly construed:

(1) Penal provisions.

1 Pa.C.S. § 1928.

¶ 14 In our view, the General Assembly, by including subsection (31) in section 780–113 of the proscribed conduct section of the Act, wisely set out the specific crime of possession of a small amount of marijuana, and created a graduated system of penalties that imposes far heavier punishment for traffickers and lesser sanctions for casual users of marijuana. This tiered approach furthers the quite purposeful penological goals of not imprisoning slight offenders and not further crowding already burdened prison facilities.[14]

¶ 15 It bears further mention that, unlike the anabolic steroid proscription of subsection (37), which was at issue in *Giampa,* subsection (31) defines an offense for possession of a *lesser* amount of contraband, and explicitly provides for a *lesser* sanction for that offense, a distinction that cannot be overstated. In fact, the Court in *Giampa,* specifically referred with approval to the decision of the General Assembly *"to exempt the possession of small amounts of a drug from penalties,* as it did in drafting a section providing for less penalties for possession of small amounts of marijuana." *Giampa, supra,* 846 A.2d at 132 (emphasis added).

¶ 16 Finally, the Pennsylvania Supreme Court, pursuant to the rule that penal provisions "shall be strictly construed," has consistently held that "when a criminal statute calls for construction, it is not the construction that is supported by the greater reason that is to prevail but that one which, if reasonable, operates in favor of life and liberty." *Commonwealth v. Glover,* 397 Pa. 543, 546, 156 A.2d 114, 116 (1959), *citing Commonwealth v. Exler,* 243 Pa. 155, 162–163, 89 A. 968, 971 (1914). *See: Commonwealth v. Pristas,* 222 Pa.Super. 254, 295 A.2d 114 (1972). *See also: Commonwealth v. Shiffler,* 583 Pa. 478, 879 A.2d 185 (2005). As a result, the conviction under the general proscription contained in subsection (16) of section 780–113 of The Controlled Substance, Drug, Device and Cosmetic Act must be vacated, and the case remanded to the trial court

---

14. The fact that the trial judge in this case imposed a sentence of twelve months of supervised probation does not achieve this legislative purpose, since the justice system is still impacted by the additional supervisory work imposed on the probation department and the potential for the imposition of a full year of imprisonment should appellant be found to have violated the terms of the probationary sentence.

for the entry of a verdict on the charge of possession of a small amount of marijuana as stated in subsection (31) of the Act.[15]

¶ 17 Accordingly, although we conclude that the suppression court properly denied appellant's motion to suppress and was correct in determining that appellant voluntarily consented to the search of the vehicle and the book bag, we must nonetheless vacate the judgment of sentence imposed on the possession of a controlled substance charge, and remand the case for a decision by the trial judge on the possession of a small amount of marijuana charge.

¶ 18 Judgment of sentence is affirmed in part, and vacated in part. Case remanded to the Court of Common Pleas of Cumberland County for proceedings consistent with this Opinion. Jurisdiction relinquished.

¶ 19 STEVENS, J., FILES A CONCURRING AND DISSENTING OPINION.

## CONCURRING AND DISSENTING OPINION BY STEVENS, J.:

¶ 1 While I agree with the Majority's conclusion that the suppression court properly denied Appellant's motion to suppress and was correct in its determination that Appellant voluntarily consented to the search of the vehicle and book bag, I disagree that the judgment of sentence imposed on the possession of a controlled substance charge must be vacated and the

case remanded for a decision by the trial court concerning the small amount of marijuana charge.

¶ 2 Appellant argues that he should have been found guilty of what he terms the "more specific" unlawful possession of a small amount of marijuana charge instead of the "more general" simple possession of marijuana charge. He opines that "[t]he general law requires that a person be charged with a specific, rather than a general section of the law" and notes that the 8.67 grams of marijuana falls within the parameters of the Unlawful Possession of Small Amount of Marijuana statute. 35 P.S. § 780–113(a)(31). Appellant's Brief, at 18. The Commonwealth argues in response that the "trial court properly merged the lesser offense of possession of a small amount of marijuana with the greater offense of knowing or intentionally possessing a controlled substance when there was sufficient evidence to support the greater charge." Appellee's Brief, at 4.[16]

¶ 3 Initially, I note that knowingly or intentionally possessing a controlled substance is prohibited under 35 P.S. § 780–113(16). In addition, the possession of a small amount of marijuana for only personal use or with the intent to distribute but not sell it is prohibited under 35 P.S. § 780–113(31). For purposes of that subsection, thirty (30) grams of marijuana shall be considered a small amount. *Id.* This Court has considered an appeal from

15. Although the trial court originally dismissed the charge against appellant that was filed under subsection (31) of the The Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113(a)(31), we do not find that such jeopardy attached to that dismissal as to preclude the trial court from entering a verdict thereon. *See: Commonwealth v. Goldhammer,* 512 Pa. 587, 517 A.2d 1280 (1986), *cert. denied,* 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987). *See also: Com-*

*monwealth v. Sutton,* 400 Pa.Super. 291, 583 A.2d 500 (1990), *appeal denied,* 528 Pa. 610, 596 A.2d 156 (1991).

16. As the Majority acknowledged, *supra,* the two charges did not in fact merge, though this was likely the understanding of the trial court and the parties at sentencing, and I believe that the trial court would have been justified in finding Appellant guilty on all three counts raised against him.

a conviction under 35 P.S. § 780–113(a)(16) in which the appellant argued that since there was a separate section of the statute that prohibits possession of more than the amount of steroids he possessed, he cannot be convicted. *Commonwealth v. Giampa*, 846 A.2d 130 (Pa.Super.2004). This Court noted that "[e]ssentially, he argues that subsection 37 must be read to modify subsection 16." *Giampa*, 846 A.2d at 131. Ultimately, this Court agreed with the trial court and reasoned:

> that *any* possession of steroids is prohibited by § 780–113(a)(16) and § 780–113(a)(37) sets forth the greater amount to allow for differences in treatment of offenders and sentencing ... Merely because the statute sets forth a sanction for possessing *greater* amounts of steroids in a separate section does not mean that the general prohibition of steroids allows one to possess a small amount without fear of *any* sanction.

*Giampa*, 846 A.2d at 131. (emphasis in original).

¶ 4 The Majority contends that herein, the converse situation is presented and explains that the rules of statutory construction which govern our interpretation of ambiguities or conflicting statutory provisions compel us to reverse the trial court's finding of Appellant guilty on the more serious of the charged offenses. Specifically, the Majority stresses a tiered punishment approach "furthers the quite purposeful penological goals of not imprisoning slight offenders and not further crowding already burdened prison facilities." To the contrary, I respectfully disagree and instead propose that this Court's primary concern should lay with dispensing a proper punishment for drug offenders, not with the prison population.

¶ 5 Herein, Appellant clearly knowingly possessed the 8.67 grams of marijuana, as he informed officer Parson where in the vehicle it could be found. N.T., 6/30/04, at 24. As such, the trial court had ample reason to find him guilty of the general prohibition of marijuana. 35 P.S. § 780–113(a)(16). Accordingly, I would affirm Appellant's judgment of sentence.