**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ARMOND LOCKETT | |
| Appellant | No. 3174 EDA 2013 |

Appeal from the Judgment of Sentence August 7, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005482-2012

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:                **FILED APRIL 23, 2015**

Appellant, Armond Lockett, appeals *nunc pro tunc* from the August 7, 2013 aggregate judgment of sentence of five to 14 years' imprisonment, imposed after being found guilty at a bench trial of aggravated assault, criminal conspiracy to commit aggravated assault, and two violations of the Uniform Firearms Act (VUFA).[1]  After careful review, we affirm.

The relevant facts and procedural history, as gleaned from the certified record, are as follows.  On March 30, 2012, Isaiah Thompson was driving in his car with his three minor relatives, when he recognized Kiyree Dunbar driving in front of him.  N.T., 5/6/13, at 14-16.  Thompson honked at

---

[1] 18 Pa.C.S.A. §§ 2702(a)(4), 903, 6105, and 6108, respectively.

Dunbar to get his attention because Dunbar owed him $200.00. *Id.* at 17. Dunbar was driving in his car with Appellant and Wort Whipple. Dunbar eventually got out of his car and started yelling at Thompson. *Id.* at 19. Dunbar and Whipple then got into an altercation with Thompson and one of the minors who had exited the vehicle. *Id.* at 20. Appellant headed into a nearby house. *Id.* at 21. At some point, Thompson saw Appellant coming down the block with a gun. *Id.* Thompson testified that Appellant pointed the gun at him, fired, and shot Thompson in the arm. *Id.*

On April 3, 2012, as a result of the incident, Appellant was charged with criminal attempt to commit murder in the first degree[2], aggravated assault, conspiracy to commit aggravated assault, possession of an instrument of a crime[3], terroristic threats[4], simple assault[5], recklessly endangering another person[6], and two VUFAs. Thereafter, a two-day bench trial was held on May 6-7, 2013. At the conclusion of said trial, the trial court found Appellant guilty of aggravated assault, conspiracy, and the two VUFAs. On all remaining counts he was found not guilty.

_____

[2] 18 Pa.C.S.A. § 901(a).

[3] 18 Pa.C.S.A. § 907(a).

[4] 18 Pa.C.S.A. § 2706(a)(1).

[5] 18 Pa.C.S.A. § 2701(a).

[6] 18 Pa.C.S.A. § 2705.

On August 7, 2013, Appellant was sentenced to an aggregate judgment of sentence of five to 14 years' imprisonment.[7]  **See** Sentencing Order, 8/7/13.[8]  On August 9, 2013, Appellant filed a timely post-sentence

_____

[7] Specifically, Appellant was sentenced to four to 12 years' imprisonment on the aggravated assault charge, four to 12 years' imprisonment on the conspiracy to commit aggravated assault charge, each to run concurrently to the other.  Additionally, he was sentenced to one to two years' imprisonment on each VUFA, to run concurrently to each other.  The two sets of sentences, however, were to run consecutively.

[8] We note that on the record at sentencing the trial court stated its intent to sentence Appellant to three to ten years' imprisonment on the aggravated assault and criminal conspiracy convictions, to run concurrent to each other, with a one to two year sentence for each VUFA, to run concurrent to each other, but consecutive to the sentences for the aggravated assault and conspiracy charges.  N.T., 8/7/13, at 33-34.  The trial court further noted that it intended Appellant's sentence to be an aggregate sentence of four to 12 years' imprisonment.  **Id.**  Nevertheless, the order prepared and signed by the trial court sentenced Appellant to an aggregate judgment of sentence of 5 to 14 years' imprisonment.

> It is well settled that, where there is a discrepancy between the sentence as written and orally pronounced, the written sentence generally controls. **Commonwealth v. Gordon**, 897 A.2d 504 (Pa. Super. 2006).  **See also Commonwealth v. Isabell**, 467 A.2d 1287 ([Pa.] 1983) (indicating sentencing order controls over oral statements of sentencing judge not incorporated into signed judgment of sentence).  Oral statements made by the sentencing court, but not incorporated into the written sentence signed by the court, are not part of the judgment of sentence.  **Commonwealth v. Quinlan**, 639 A.2d 1235 ([Pa.] 1994).

**Commonwealth v. Willis**, 68 A.3d 997, 1010 (Pa. Super. 2013) (parallel citations omitted).

motion asserting the trial court abused its discretion in sentencing Appellant to four to 12 years' incarceration. The trial court denied Appellant's motion the same day. On August 14, 2013, Appellant's trial counsel was permitted to withdraw, and on August 15, 2013 David Barrish, Esquire, entered his appearance.

On September 27, 2013, Appellant filed a petition for *nunc pro tunc* reinstatement of appellate rights, as Attorney Barrish had not received notice that Appellant's post-sentence motion had been denied on August 9, 2013. On October 1, 2013, Appellant's petition was granted. Thereafter, on October 28, 2013, Appellant filed a timely notice of appeal *nunc pro tunc*.[9]

On appeal, Appellant raises the following issue for our review.

> Did the trial court err when it sentenced [Appellant] to an aggregate sentence of not less than four (4) years to not more than twelve (12) years['] incarceration, which was a departure from the Pennsylvania sentencing guidelines and was unreasonable or manifestly excessive?

Appellant's Brief at 2.

We begin by noting our well-settled standard of review.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the

---

[9] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citations omitted), *appeal denied*, 105 A.3d 736 (Pa. 2014).

It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal. [Therefore, b]efore we reach the merits of this issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. [] [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citations omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Instantly, Appellant has met the first three requirements by filing a timely notice of appeal once his appellate rights were reinstated *nunc pro tunc*, by raising his sentencing claim in his post-sentence motion, and by including a Rule 2119(f) statement of reasons relied upon for allowance of appeal in his brief. Accordingly, we must determine whether Appellant has

presented a substantial question that his sentence is inappropriate under the sentencing code. ***See Edwards***, ***supra***.

Appellant asserts that the trial court erred when it departed from the Pennsylvania Sentencing Guidelines and sentenced him above the aggravated range. Appellant's Brief at 8. Specifically, he asserts the standard guideline sentences for aggravated assault and criminal conspiracy were "12 to 18 months plus or minus 9 months." ***Id.*** Therefore, Appellant argues his sentence of "three to ten years' incarceration" on each of these counts was an abuse of discretion because the trial court failed to consider mitigating factors such as growing up in a home with two parents addicted to crack cocaine, Appellant obtaining his GED in prison, and that Appellant had only turned 18-years-old weeks prior to the incident in this matter.[10] ***Id.*** at 10-11. This Court has held that "a claim that the [trial] court erred by imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question." ***Commonwealth v. Felmlee***, 828 A.2d 1105, 1107 (Pa. Super. 2003) (*en banc*) (citation omitted). We therefore proceed to review the merits of Appellant's claim.

Upon review of the sentencing transcript, we conclude that the trial court considered all the mitigating factors in sentencing Appellant. At the outset the trial court noted "I've read the presentence report, the mental

---

[10] As noted above, the trial court actually sentenced Appellant to four to 12 years' of imprisonment on each of these counts.

health. It doesn't sound like he had much guidance. … He lived in a house where his Mother and Father were crack addicts." N.T., 8/7/13, at 4. It is axiomatic that where "the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010) (internal quotation marks and citation omitted), *appeal denied*, 25 A.3d 328 (Pa. 2011), *cert. denied*, *Rhoades v. Pennsylvania*, 132 S. Ct. 1746 (2012).

Further, Appellant's counsel argued that the incident occurred a few weeks after Appellant's 18th birthday and asked for leniency, specifically time-served followed by a long probation sentence. N.T., 8/7/13, at 13. The trial court acknowledged her request saying it would be taken into consideration but noted that Appellant "shot somebody. He went and got a gun and came back and shot a person." *Id.* at 14, 17. The Commonwealth argued based on Appellant's prior record of juvenile delinquencies that he be sentenced to six to 12 years' incarceration. *Id.* at 24.

Prior to sentencing Appellant, the trial court stated the following concerns.

> What I am concerned about his propensity for violence, and this is irresponsibleness without any regard for human life. First off [sic] all, it's a fight that's none of his business. He goes and leaves there, and gets a loaded gun, and comes back and shoots somebody. That's frightening.

> He has escalated his criminal conduct. Prior to that, it was intimidation of a witness. And then before that, it was - - was it robbery? It just gets worse and worse and worse. We can't just put him on the street. That would be most irresponsible.
>
> …
>
> All right. He has got to have enough time that he understands when he comes out that this is really serious. You know, we can't be slapping him on the wrist when he goes and gets a gun and comes back and shoots somebody. And he had nothing to do with the fight. It didn't involve him.

*Id.* at 25.

The foregoing clearly demonstrates that the trial court was fully aware of and considered all of the mitigating circumstances. The trial court acknowledged it was going beyond the standard sentencing guideline recommendations by imposing a sentence in the aggravated range and noted its reasons for doing so on the record. *Id.* at 32. Specifically, the trial court noted Appellant's extensive criminal history, Appellant's dangerous propensities, and the seriousness of the offense. *Id.* at 32-33. Accordingly, we conclude that the trial court considered the mitigating factors but determined they were outweighed by the aforementioned aggravating factors. Therefore, the trial court did not abuse its discretion in sentencing Appellant in this case. *See Raven*, *supra*.

Based on the foregoing, we conclude Appellant's claim is meritless. Accordingly, we affirm the trial court's August 7, 2013 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/2015