J-S19037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :      IN THE SUPERIOR COURT OF
                                             :            PENNSYLVANIA

          Appellee             :

                              :

          v.                     :

                              :

RICHARD CALVIN WHITEHEAD,        :

                              :

          Appellant            :             No. 2933 EDA 2014

Appeal from the PCRA Order entered on March 28, 2014
in the Court of Common Pleas of Montgomery County,
Criminal Division, No(s):  CP-46-CR-0004121-2011;
CP-46-CR-0008930-2011

BEFORE:  STABILE, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:           **FILED MAY 11, 2015**

Richard Calvin Whitehead ("Whitehead"), *pro se*, appeals from the

March 28, 2014 Order denying his first Petition filed pursuant to the Post

Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On August 15, 2012, Whitehead entered an open guilty plea to

unlawful contact with a minor, attempt to commit involuntary deviate sexual

intercourse, and possession of child pornography.[1]  Before the trial court

accepted Whitehead's plea, (1) Whitehead completed a written guilty plea

colloquy, as well as a separate written colloquy for sexual offenders; (2) his

plea counsel conducted an oral colloquy advising Whitehead, *inter alia*, of

the potential sentence he could receive; and (3) Whitehead was advised that

he would be required to report for his lifetime as a registered sexual offender

---

[1] **See** 18 Pa.C.S.A. §§ 6318(a)(1), 901(a), 3123, 6312(d).

under the version of Megan's Law then in effect.[2] On December 10, 2012,

the trial court sentenced Whitehead to an aggregate term of forty to eighty

months in prison. Whitehead did not file a direct appeal.

The PCRA court summarized the procedural history that transpired

thereafter as follows:

> In March [] 2013, [Whitehead] sent a PCRA [P]etition to th[e PCRA c]ourt's chambers, rather than filing it with the Clerk of Courts.[3] No copy of the [P]etition was retained by the [PCRA c]ourt or was entered into the official record, and no action was taken.[4]
>
> Seeking a ruling on his unfiled [P]etition, [Whitehead] filed a Praecipe for Entry of an Order on January 27, 2014 (postmarked January 21, 2014). On January 30, 2014, th[e PCRA c]ourt appointed counsel [hereinafter "PCRA counsel"] to assess the merits of [Whitehead's] claim[. I]n accordance with **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1998)[,

---

[2] **See** 42 Pa.C.S.A. § 9795.1(b)(1) (mandating that an offender with two or more convictions of sexual offenses enumerated in subsection 9795.1(a) is required to register for his or her lifetime). This statutory provision was replaced by the provisions of the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. § 9799, *et seq.*, which became effective in December 2012. **See id.** § 9799.41.

[3] We observe that "[l]eaving motions in a judge's chambers, or even handing them to a judge in the courtroom or elsewhere, does *not* constitute filing." **Commonwealth v. Blystone**, 617 A.2d 778, 781 n.2 (Pa. Super. 1992) (emphasis in original); **see also** 42 Pa.C.S.A. § 2756(a)(1) (providing that all applications for relief and motions shall be filed with or transferred to the trial court clerk of courts). Nevertheless, we will overlook Whitehead's improper filing because his PCRA Petition is now part of the certified record.

[4] Although no copy of Whitehead's PCRA Petition was in the original certified record transmitted to this Court, we asked our Prothonotary to contact the trial court clerk of courts to request that a copy of the Petition be included in a supplemental certified record, if possible. The trial court clerk of courts obtained a copy of the Petition and submitted it to this panel in a supplemental certified record.

PCRA c]ounsel's subsequent letter to [Whitehead] (the "***Finley*** letter"), dated March 18, 2014, explained that [Whitehead's] claims were without merit,[FN] and that [Whitehead] was past the deadline for getting relief via the PCRA[,] as his [PCRA P]etition had never been filed of record.

[FN] The ***Finley*** letter stated that in his unfiled [PCRA P]etition, [Whitehead] claimed that he [received] ineffective assistance of counsel because he received a longer sentence than promised (a sentence of forty to eighty months rather than thirty-six to fifty-six months) and that he ought not be a lifetime registrant under Megan's Law. [Whitehead did not file a response to the ***Finley*** letter.]

After an independent review, th[e PCRA c]ourt found the same [as PCRA counsel, and permitted counsel to withdraw. O]n March 28, 2014, [pursuant to Pa.R.Crim.P. 907(1),[5] the PCRA court] issued an [O]rder ["the Rule 907 Order"] giving [Whitehead] notice of [the court's] intent to dismiss [the PCRA Petition,] and allowing [Whitehead] twenty days to respond ….[6] [Whitehead] was not provided [with] a copy of the [Rule 907 O]rder. No subsequent order dismissing the [PCRA P]etition was issued by th[e PCRA c]ourt under [Pa.R.Crim.P.] 907(4) [(providing that "[w]hen the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.")].

---

[5] Rule 907, governing disposition of PCRA petitions without a hearing, provides, in relevant part, that "[i]f the judge is satisfied from [his or her] review that there are no genuine issues concerning any material fact [raised in the defendant's PCRA petition] and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, *the judge shall give notice to the parties of the intention to dismiss the petition* and shall state in the notice the reasons for the dismissal." Pa.R.Crim.P. 907(1) (emphasis added).

[6] Notably, the Rule 907 Order contained the following language: "It is hereby ordered and decreed that said Motion[, *i.e.*, Whitehead's PCRA Petition,] is hereby denied." Order, 3/28/14, at 1 (unnumbered) (emphasis omitted).

On September 22, 2014, [Whitehead] wrote to th[e PCRA c]ourt[,] requesting a copy of the [Rule 907 O]rder, and on September 24, 2014, a copy was mailed to him. On October 14, 2014, [Whitehead] filed a [*pro se* N]otice of [A]ppeal of the [Rule 907] Order and applied for leave to appeal *nunc pro tunc*. Th[e PCRA c]ourt did not grant nor deny leave.

PCRA Court Opinion, 12/11/14, at 4 (one footnote in original, remaining footnotes added). The PCRA court subsequently ordered Whitehead to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Whitehead timely filed a Concise Statement.

On appeal, Whitehead presents the following issues for our review:

   I.   Was there a breakdown in the internal operating procedures of the [PCRA court]?

   II.   Did the [trial] court err[] in ordering [Whitehead] to register under Megan's Law for life, rather th[an] the ten[-]year registration period?

Brief for Appellant at 4 (capitalization omitted).

As an initial matter, we must address the jurisdictional issue of whether the Rule 907 Order is a final order. *See Commonwealth v. Liebensperger*, 904 A.2d 40, 44 (Pa. Super. 2006) (observing that appellate courts may raise the issue of jurisdiction *sua sponte*). "As a general rule, subject to some exceptions …, appellate courts have jurisdiction only over appeals taken from a final order." *Commonwealth v. Scarborough*, 64 A.3d 602, 608 (Pa. 2013) (citing Pa.R.A.P. 341(b)); *see also* Pa.R.Crim.P. 910 (providing that "[a]n order granting, denying,

dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal.").

Here, although the PCRA court did not issue a separate order denying Whitehead's unfiled PCRA Petition after the court's entry of the Rule 907 Order, the Rule 907 Order itself explicitly stated that the PCRA court denied the PCRA Petition, and the PCRA court stated its reasons for the denial. ***See*** Order, 3/28/14, at 1 (unnumbered). Under somewhat similar circumstances, our Pennsylvania Supreme Court has held that such an order filed under Rule 907, containing language denying a PCRA petition, is a final, appealable order under Pa.R.Crim.P. 910. ***Commonwealth v. Porter***, 35 A.3d 4, 11, 15 (Pa. 2012) (where the cover letter attached to the PCRA court's Rule 907 dismissal notice unequivocally stated that the court was dismissing the petitioner's PCRA petition, and the court provided its reasons for the dismissal, holding that "the PCRA court's dismissal order [] was total, final and appealable.").

Next, we must determine whether Whitehead's Notice of Appeal was timely filed. As Whitehead points out in his first issue, as well as his *pro se* "Application for Leave to Appeal *Nunc Pro Tunc*," the PCRA court committed certain procedural errors, some of which may have been caused by Whitehead's initial failure to file his PCRA Petition with the trial court clerk of courts. As mentioned above, because of the trial court's initial failure to provide Whitehead with the Rule 907 Order, Whitehead did not receive a

copy of this Order until September or October of 2014. However, Whitehead filed his Notice of Appeal within 30 days of his receipt of the Order. Accordingly, we deem that Whitehead's appeal is timely.

In his second issue on appeal, Whitehead argues that, upon his release from incarceration, he should be obligated to register as a sexual offender for a period of only ten years, rather than for his lifetime. **See** Brief for Appellant at 9-12. According to Whitehead, the Megan's Law registration statute that was in effect at the time of his sentencing, 42 Pa.C.S.A. § 9795.1(b)(1) (requiring lifetime registration for offenders with two or more convictions of certain sexual offenses), "only applies to those convicted of separate acts of misconduct that lead to more than one [] criminal conviction, *i.e.*, repeat offenders and recidivists." Brief for Appellant at 10; **see also id.** (asserting that "[Whitehead's] guilty plea to two [] enumerated offenses in section 9795.1(a)(1) is one conviction f[or] sentencing purposes and should be treated as a single conviction …."). Additionally, Whitehead contends that this criminal statute is ambiguous, and should therefore be construed in his favor. **Id.** at 9-10 (citing **Commonwealth v. Gordon**, 897 A.2d 504, 509 (Pa. Super. 2006)).

The PCRA court cogently addressed Whitehead's claim as follows:

> First, it should be noted that the registration requirements of Megan's Law are collateral and do not constitute criminal punishment. **Commonwealth v. Leidig**, 956 A.2d 399, 404-06 (Pa. 2008). Therefore, [Whitehead's] obligation to report is not challengeable under the PCRA as a sentence "greater than the lawful maximum." 42 Pa.C.S.A. § 9545(b)(3)(vii). [Whitehead]

was also advised on the record that he would have to be a mandatory reporter [for his lifetime] if he pleaded guilty. [N.T., 8/15/12, at] 10-17. However, [Whitehead's] obligation is independent of his oral agreement to the condition. His obligation to report flows from a statute not designed to punish offenders, but to protect the public. ***Commonwealth v. Williams***, 832 A.2d 962, 972 (Pa. 2003).

At the time [Whitehead] was sentenced, [on December 10, 2012,] Megan's Law required [a] ten-year registration [period] for each of [his] three offenses.[FN 1] 42 Pa.C.S.A. § 9795.1(a). However, it also required that an individual with *two or more convictions* of those offenses be subject to lifetime registration. 42 Pa.C.S.A. § 9795.1(b) ([providing that "t]he following individuals shall be subject to lifetime registration: (1) An individual with two or more convictions of any of the offenses set forth in subsection (a) …."). [Whitehead] was correctly advised when pleading guilty that he would have to become a lifetime registrant. [Whitehead's] argument that the statute can be interpreted in any other way bears no weight.

> [FN 1] According to [42 Pa.C.S.A.] 9795.1(a)(1) and (2), individuals convicted of 18 Pa.C.S.A. § 6312, 18 Pa.C.S.A. § 6318, or an attempt to commit the offense of 18 Pa.C.S.A. § 3123 were required to register with the Pennsylvania State Police for a period of ten years.

Second, on December 20, 2012, several amendments to Megan's Law took effect when Pennsylvania enacted its own version of [SORNA]. Due to those and subsequent amendments, [Whitehead's] three convictions currently classify him as a Tier I, Tier II, and Tier III sexual offender. Tier III offenders are subject to lifetime registration. ***See*** 42 Pa.C.S.A. § 9799.14 and § 9799.15. The newly-amended registration requirements are applicable to [Whitehead] because he was "required to register … with the Pennsylvania State Police under this subchapter prior to the effective date of this section and [he] has not fulfilled the period of registration as of the effective date of this section." 42 Pa.C.S.A. § 9799.13(3).

The Superior Court has held that the new classifications and requirements under [SORNA] are retroactively applicable to defendants because registration under the statute is not punitive. ***Commonwealth v. Perez***, 97 A.3d 747, 760 (Pa.

Super. 2014) ([stating that] "[b]ased on the foregoing, we conclude that the new registration regime pursuant to SORNA is constitutional under the Federal and State *Ex Post Facto* Clauses. As a result, the trial court did not err when it retroactively applied the new requirements and classification to Appellant.").[FN 2] Therefore, even if [Whitehead] could somehow successfully argue that the statute that was in effect at the time of his sentencing does not require him to register as a lifetime reporter upon release from imprisonment, the amendments [that] took effect ten days later ensure that he must do so.

> [FN 2] It should be noted that the Commonwealth Court has held that the provision requiring registered offenders to appear in person at an approved registration site to update certain information (such as temporary lodging) is punitive and therefore unconstitutional when applied retroactively. As such, any punitive provisions that were not in place at the time of [Whitehead's] offenses should not apply retroactively to [him]. **See Coppolino v. Noonan**, [102 A.3d 1254, 1277-78] (Pa. Cm[wlth] Ct. [] 2014) (striking language in [42 Pa.C.S.A.] § 9799.15(g))[; **see also Perez, supra**].

PCRA Court Opinion, 12/11/14, at 10-11 (emphasis in original, some footnotes omitted). The PCRA court's analysis is supported by the law and the record, and we therefore affirm on this basis with regard to Whitehead's second issue. **See id.**

Accordingly, we conclude that the PCRA court properly denied Whitehead's PCRA Petition, and therefore affirm the Order on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2015