J-S60035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| FREDERICK H. MILLER | |
| Appellant | No. 467 EDA 2015 |

Appeal from the Judgment of Sentence December 8, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004426-2014

BEFORE: BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.: **FILED OCTOBER 23, 2015**

Frederick H. Miller appeals the judgment of sentence imposed December 8, 2014, in the Delaware County Court of Common Pleas. The trial court conducted a bench trial that same day, and found Miller guilty of possession of a small amount of marijuana and possession of drug paraphernalia.[1] Miller was sentenced to a term of six months' probation for the possession of paraphernalia charge and a $300 fine of the possession of marijuana charge. He raises one issue on appeal, challenging the sufficiency of the evidence supporting his conviction of possession of drug paraphernalia. For the reasons that follow, we vacate the judgment of sentence on that charge, and remand for resentencing.

---

[1] 35 P.S. §§ 780-113(a)(31) and (32), respectively.

The facts underlying Miller's arrest and conviction were summarized by the trial court as follows:

Officer William McCollum is a police officer with the Yeadon Borough Police Department and has been so employed for ten to twelve years. Sergeant Thomas Reynolds has been employed with the Yeadon Borough Police Department for twenty-eight years. On April 10, 2014, at approximately 12:14 p.m., Officer McCollum was on duty and had the occasion to respond to the area of Darnell Avenue and Yeadon Avenue, in Yeadon, Delaware County for a call of drug activity around two parked vehicles. Sergeant Reynolds was also on duty and responded to the same call in a separate vehicle, arriving around the same time as Officer McCollum.

Upon arrival, Officer McCollum and Sergeant Reynolds saw three males outside of a vehicle and another male sitting in the driver seat of the second vehicle. [Miller] was standing outside on the passenger side of one of the vehicles, namely a black Dodge Charger. As the officers approached the males, there was a strong odor of burnt marijuana in the area around both vehicles and the males. After smelling the marijuana, all three males standing outside the vehicles, including [Miller], were detained. The male inside the second vehicle, last name of Washington, was asked to step out and was also detained.

The officers asked if anyone had marijuana or any other narcotics on their person. All of the males responded in the negative. Officer McCollum asked for consent to search the vehicles, which were both rentals. The individuals who rented the vehicles signed the consent to search forms. While searching the black Dodge Charger, Officer McCollum located a partially burnt cigar between the driver's seat and the center console. Officer McCollum broke part of the cigarette wrapping open and the contents were field tested.[1]

_____

[1] The suspected marijuana was later sent and tested in the laboratory. The laboratory report was stipulated to by counsel for both parties and entered into evidence [at trial].

_____

- 2 -

> Once Officer McCollum realized it was a marijuana cigarette, he relayed this information to Sergeant Reynolds. After receiving this information, Sergeant Reynolds informed the driver of the vehicle that he was under arrest, at which time [Miller] stated: "No. Those drugs are mine." Sergeant Reynolds asked "Are you sure they're your drugs?" [Miller] responded, "Yes." [Sergeant Reynolds testified that Miller then stated "he didn't want to see the driver get in any trouble because the driver was on probation or parole."] At this point, Sergeant Reynolds told [Miller] he was under arrest for possession.

Trial Court Opinion, 4/8/2015, at 1-2 (record citations omitted).

Miller was charged with one count of possession of a small amount of marijuana and one count of possession of drug paraphernalia. His case proceeded to a non-jury trial on December 8, 2014. After the trial court found him guilty of both charges, he was immediately sentenced to a term of six months' probation for the paraphernalia charge and a $300 fine for the simple possession charge. Miller filed a timely motion for reconsideration of sentence, which the trial court denied on January 13, 2015. This appeal followed.[2]

On appeal, Miller challenges the sufficiency of the evidence supporting his conviction of possession of drug paraphernalia, which was based solely upon the burnt paper surrounding the marijuana cigarette recovered from the vehicle. Acknowledging the lack of appellate decisions on this issue,

---

[2] On February 18, 2015, the trial court ordered Miller to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Miller complied with the court's directive, and filed a concise statement on March 9, 2015.

Miller, claims "the definition of drug paraphernalia as set forth in [35 P.S.] § 780-102 cannot plausibly be interpreted to include that portion of a marijuana cigarette that is not actually a controlled substance." Miller's Brief at 16. He notes "the burned wrappings of a marijuana cigarette" are not included in the list of items defined as drug paraphernalia in the statute, and the Legislature could not have intended to expose a defendant in possession of "nothing more than a half-smoked joint, to punishment for more than one crime." *Id.* at 15. Rather, Miller asserts the more "reasonable view" is that "the cigarette (or blunt as the case may be), in all its parts, constitutes possession of marijuana on the whole[.]" *Id.* at 16.

In the present case, Miller's sufficiency argument focuses upon an interpretation of "The Controlled Substance, Drug, Device and Cosmetic Act" ("the Drug Act"), 35 P.S. § 780-101 *et seq.* Accordingly, our review is as follows:

> These are questions of law, to which our standard of review is *de novo* and our scope of review is plenary. *See Bowling v. Office of Open Records*, 621 Pa. 133, 75 A.3d 453, 466 (2013); *Anderson v. McAfoos*, 618 Pa. 478, 57 A.3d 1141, 1148 (2012). Additionally, because the legal issues are premised on the sufficiency of the evidence, the record is read in the light most favorable to the Commonwealth as verdict winner, with the benefit of all reasonable inferences therefrom. *See, e.g.*, *Commonwealth v. Pagan*, 597 Pa. 69, 950 A.2d 270, 278 (2008).
>
> Moreover, in this endeavor we are guided by the well settled principles of statutory construction. The purpose of statutory construction is to ascertain and effectuate the intent of the legislature. 1 Pa.C.S. § 1921(a). In this respect, the language of the statute is the best indication of this intent; accordingly, where the words of the statute are clear and free from all

- 4 -

ambiguity, the letter is not to be disregarded under the pretext of pursuing its spirit. ***Id.***, § 1921(b). Only in the event of an ambiguity may we consider other aspects of the statute and the statutory process, and may we discern the General Assembly's intent by considering, *inter alia*, the various factors listed in the Statutory Construction Act, ***Id.***, § 1921(c). ***See Commonwealth v. Walls***, 592 Pa. 557, 926 A.2d 957, 962 (2007).

Generally speaking, under the rule of lenity, penal statutes are to be strictly construed, with ambiguities resolved in favor of the accused. ***Commonwealth v. Lassiter***, 554 Pa. 586, 722 A.2d 657, 660 (1998).

***Commonwealth v. Lynn***, 114 A.3d 796, 817-818 (Pa. 2015).

Miller was convicted of possession of drug paraphernalia, which entails:

The use of, or possession with intent to use, drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, **containing**, concealing, injecting, ingesting, **inhaling or otherwise introducing into the human body a controlled substance** in violation of this act.

35 P.S. § 780-113(a)(32) (emphasis supplied). Section 780-102 of the Drug Act defines "drug paraphernalia" as follows:

"Drug paraphernalia" means all equipment, products and **materials of any kind which are used**, intended for use or designed for use in … packaging, … storing**, containing**, concealing, … ingesting, **inhaling or otherwise introducing into the human body a controlled substance** in violation of this act. It includes, but is not limited to:

…

(12) Objects used, intended for use or designed for use in ingesting, inhaling or otherwise introducing marihuana, cocaine, hashish or hashish oil into the human body, such as:

(i) Metal, wooden, acrylic, glass, stone, plastic or ceramic pipes with or without screens, permanent screens, hashish heads or punctured metal bowls.

(ii) Water pipes.

(iii) Carburetion tubes and devices.

(iv) Smoking and carburetion masks.

(v) Roach clips; meaning objects used to hold burning material such as a marihuana cigarette, that has become too small or too short to be held in the hand.

(vi) Miniature cocaine spoons and cocaine vials.

(vii) Chamber pipes.

(viii) Carburetor pipes.

(ix) Electric pipes.

(x) Air-driven pipes.

(xi) Chillums.

(xii) Bongs.

(xiii) Ice pipes or chillers.

In determining whether an object is drug paraphernalia, a court or other authority should consider, in addition to all other logically relevant factors, statements by an owner or by anyone in control of the object concerning its use, prior convictions, if any, of an owner, or of anyone in control of the object, under any State or Federal law relating to any controlled substance, the proximity of the object, in time and space, to a direct violation of this act, the proximity of the object to controlled substances, the existence of any residue of controlled substances on the object, direct or circumstantial evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons who he knows, or should reasonably know, intend to use the object to facilitate a violation of this act, the innocence of an owner or of anyone in control of the object, as to a direct violation of this act should not prevent a finding that the object is intended for use or designed for use as drug

> paraphernalia, instructions, oral or written, provided with the object concerning its use, descriptive materials accompanying the object which explain or depict its use, national and local advertising concerning its use, the manner in which the object is displayed for sale, whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products, direct or circumstantial evidence of the ratio of sales of the objects to the total sales of the business enterprise, the existence and scope of legitimate uses for the object in the community, and expert testimony concerning its use.

35 P.S. § 780-102 (emphasis supplied).

Here, the trial court concluded the cigarette paper, which was wrapped around the marijuana, constituted drug paraphernalia under the Drug Act. *See* Trial Court Opinion, 4/8/2015, at 4. Because we find the language of the statute ambiguous under the facts of this case, we disagree.

Pursuant to the Drug Act, drug paraphernalia consists of "materials of any kind which are used, intended for use or designed for use in … containing, … inhaling or otherwise introducing into the human body a controlled substance[.]" 35 P.S. § 780-102. However, noticeably absent from the list of paraphernalia items is the paper encasing a marijuana cigarette. It bears remarking that the statute does include "roach clips" as paraphernalia, which are defined as "**objects used to hold burning material such as a marihuana cigarette**, that has become too small or too short to be held in the hand." *Id.* While we acknowledge the list is not all-inclusive, clearly, the Legislature's exclusion of a single marijuana cigarette or "burning material" from the list of items constituting drug

paraphernalia is indicative of its intention that those items **not** be considered paraphernalia under the Act.

Moreover, our research has uncovered no decisions of this Court concluding that the burnt paper remnants surrounding **one marijuana cigarette** is sufficient to sustain a conviction of possession of drug paraphernalia. ***Compare Commonwealth v. Nineteen Hundred & Twenty Dollars U.S. Currency***, 612 A.2d 614 (Pa. Commw. 1992) (holding packets of rolling papers and cough drop boxes, found with marijuana seeds during inventory search of vehicle, constituted drug paraphernalia, as defined in Section 780-102, for purposes of forfeiture of "drug paraphernalia" under Forfeiture Act, 42 Pa.C.S. § 6801(a)(1)).

Furthermore, we conclude the language of the Drug Act is ambiguous. Although it defines drug paraphernalia as "materials **of any kind** which are used … in containing [or] inhaling … into the human body a controlled substance[,]" it does not list the burnt paper surrounding a half-smoked marijuana cigarette – a common item used to hold/smoke marijuana - as an example of paraphernalia. 35 P.S. § 780-102 (emphasis supplied). ***See Lynn***, ***supra***, 114 A.3d at 818 (statutory ambiguities are resolved in favor of the accused).

Additionally, we note that in enacting subsection (a)(31), the Legislature demonstrated an intention to exempt those who possess **a small amount** of marijuana from the more severe penalties attendant to a conviction of possession of marijuana under subsection (a)(16). ***See*** 35 P.S.

§ 780-113(a)(31) ("The following acts … are hereby prohibited … **[n]otwithstanding other subsections of this section**, … the possession of a small amount of marihuana only for personal use[.]") (emphasis supplied). As a panel of this Court stated in **Commonwealth v. Gordon**, 897 A.2d 504 (Pa. Super. 2006):

> [S]ubsection (31) defines an offense for possession of a **lesser** amount of contraband, and explicitly provides for a **lesser** sanction for that offense [than Subsection (16)], a distinction that cannot be overstated.

**Id.** at 509. **See id.** (vacating judgment of sentence on charge of possession of marijuana pursuant to subsection (a)(16) and remanding for decision on charge of possession of small amount of marijuana pursuant to subsection (a)(31), when Commonwealth stipulated that total weight of marijuana recovered was 8.67 grams, which fell within small amount proscription in subsection (a)(31). Accordingly, where, as here, a defendant is found in possession of only one partially smoked joint, we find the Legislature did not intend the defendant face prosecution for two crimes, possession of a small amount of marijuana under Section 780-113(a)(31) **and** possession of paraphernalia under Section 780-113(a)(32).

Therefore, because Miller's conviction of possession of drug paraphernalia is based solely on the burnt paper encasing the partially smoked marijuana cigarette found in the vehicle, we conclude the evidence was insufficient to support the verdict on that charge. Accordingly, we vacate his judgment of sentence for possession of drug paraphernalia, and

remand for resentencing on his conviction of possession of a small amount of marijuana.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2015