J-S71006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BRANDON COFFEY | : | |
| | : | |
| Appellant | : | No. 3004 EDA 2016 |

Appeal from the Judgment of Sentence August 18, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002281-2016
MC-51-CR-002963-2016

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                **FILED MARCH 06, 2018**

Appellant, Brandon Coffey, was convicted of possession of a small amount of marijuana, 35 P.S. § 780-113(a)(31), and possession of a controlled substance, 35 P.S. § 780-113(a)(16), after he was found to be in possession of 0.195 grams of marijuana. The court sentenced Coffey to a term of imprisonment of 11½ to 23 months on the possession of a controlled substance conviction and imposed no further penalty on the possession of a small amount of marijuana conviction. Both Coffey and the trial court now[1]

---

* Retired Senior Judge assigned to the Superior Court.

[1] Curiously, Coffey did not file a post-sentence motion raising the issue now on appeal. As Coffey's issue raises a sufficiency of the evidence claim, however, we find his issue preserved for our review. ***See*** Pa.R.Crim.P.
*(Footnote Continued Next Page)*

believe that his conviction for possession of a controlled substance was in error, and ask us to vacate it.

In contrast, the Commonwealth asks us to overrule prior precedent of this Court and affirm the conviction. In particular, the Commonwealth presses us to overrule **Commonwealth v. Tisdale**, 100 A.3d 216 (Pa. Super. 2014), *appeal denied*, 113 A.3d 280 (Pa. 2015), and **Commonwealth v. Gordon**, 897 A.2d 504 (Pa. Super. 2006). This, of course, we may not do. **See**, **e.g.**, **Commonwealth v. Pepe**, 897 A.2d 463, 465 (Pa. Super. 2006) ("It is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court … except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court.") The Commonwealth does not identify any Supreme Court precedent that calls either decision into question. We are thus bound to follow them.

Both decisions found the legislature intended 35 P.S. § 780-113(a)(31), possession of a small amount of marijuana, to be the exclusive statutory authority for prosecuting those who possess, with no indication of intent to deliver, less than 30 grams of marijuana. **See Tisdale**, 100 A.3d at

*(Footnote Continued)* ―――――――――――

606(A)(7). While there were no legal consequences for the failure to raise this issue in a post-sentence motion, it is clear resolution of this case would have occurred in a more timely fashion if the trial court had been alerted to this issue prior to appeal. We further recognize that Coffey retained his current counsel subsequent to the filing of this appeal.

219 ("it is apparent that where both subsection (16) and (31) apply, conviction properly rests on the specific charge found at subsection (31)"); *Gordon*, 897 A.2d at 509 ("In our view, the General Assembly, by including subsection (31) … wisely set out the specific crime of possession of a small amount of marijuana, and created a graduated system of penalties that imposes far heavier punishment for traffickers and lesser sanctions for casual users of marijuana.") As a result, both Coffey and the trial court are correct in their belief that under *Tisdale* and *Gordon*, we must vacate the judgment of sentence and remand for re-sentencing.

Even if we had the power to overrule *Tisdale* and *Gordon*, we would not do so. The Commonwealth contends both cases ignored 42 Pa.C.S.A. § 9303 and are therefore invalid. Section 9303 provides that the Commonwealth may prosecute a defendant "under all available statutory criminal provisions without regard to the generality or specificity of the statutes." This Court has ratified the Commonwealth's use of this power in other contexts. *See*, *e.g.*, *Commonwealth v. Kriegler*, 127 A.3d 840, 844 (Pa. Super. 2015).

As the Commonwealth correctly notes, both *Tisdale* and *Gordon* rely, at least partially, upon the specificity of subsection (31) in their holdings. Yet this does not mean *Tisdale* and *Gordon* were wrongly decided. Subsection (31) begins: "Notwithstanding other subsections of this section …" "Notwithstanding" means "[d]espite; in spite of." *Black's law Dictionary*,

- 3 -

1094 (8th ed. 2004). This introduction acts to negate the application of any other subsection in cases where subsection (31) applies. ***See City of Philadelphia v. Clement & Muller, Inc.***, 715 A.2d 397, 399 (Pa. 1998). Consequently, even if ***Tisdale's*** and ***Gordon's*** reliance on the specific/general rule was misplaced, their shared conclusion, that the Legislature intended subsection (31) to be the exclusive means to prosecute the possession of a small amount of marijuana, is undoubtedly correct. The application of § 9303 does not affect that conclusion in any way.

As we conclude Coffey and the trial court are correct in their request for a remand for resentencing, we reverse the conviction for possession of a controlled substance, and vacate the sentence imposed for possession of a small amount of marijuana. We remand for resentencing on the conviction for possession of a small amount of marijuana.

Convictions affirmed in part and reversed in part. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/6/18

- 4 -