2014 PA Super 183

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER TISDALE | |
| Appellant | No. 2080 EDA 2013 |

Appeal from the Judgment of Sentence March 4, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): No. CP-51-CR-0015256-2012

BEFORE:  SHOGAN, J., ALLEN, J., and OTT, J.

OPINION BY OTT, J.: **FILED AUGUST 27, 2014**

Christopher Tisdale appeals from the judgment of sentence imposed on him on March 4, 2013, following his conviction on the charge of possession of a controlled substance – marijuana ("possession") .[1] Following a non-jury trial, Tisdale was acquitted of the charge of possession with intent to deliver ("PWID").[2] Tisdale's sole issue on appeal is his claim that he was improperly convicted of possession and should have been convicted of possession of a small amount of marijuana ("SAM").[3]  After a thorough

---

[1] 35 P.S. § 780-113(a)(16).

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(31).

review of Tisdale's brief,[4] the certified record, and relevant law, we vacate

the judgment of sentence for possession of marijuana and remand to the

trial court for entry of a guilty verdict on the charge of possession of a small

amount of marijuana and for imposition of a new sentence.[5]

We adopt the facts of this matter as related by the trial court in its

Pa.R.A.P. 1925(a) Opinion.

> On October 18, 2012, at approximately 12:15 p.m., Officer Robinson and his partner were in an unmarked vehicle conducting a surveillance for the sale of illegal narcotics near the 600 block of South 56th Street in the City of Philadelphia. The officer observed Tisdale and another male, later identified as Raheem, standing on the southwest corner of 56th Street and Walton Street as an unknown black female approached the corner of 56th Street and Catherine Street. Tisdale and Raheem began walking toward the female, who was observed to have reached into her pocket to pull out an undetermined amount of U.S. currency. The female began to walk toward the two males whereupon a marked police vehicle came traveling westbound on Catherine Street. The female immediately put the money back

---

[4] On December 17, 2013, the Commonwealth obtained an extension of time to February 13, 2014 to file its brief. The order stated no further extension would be granted. The Commonwealth did not file its brief until June 16, 2014. Therefore, we have not considered the Commonwealth's brief.

[5] It appears that at the trial *de novo*, Tisdale was also facing a charge of conspiracy to commit PWID. However, during the waiver of jury colloquy, the only charge mentioned is PWID. At the end of the trial, the Commonwealth argued the evidence supported a guilty verdict on conspiracy. However, no verdict was announced on that charge. There are no orders in the certified record indicating the disposition of that charge. The docket indicates that Tisdale was found not guilty of conspiracy but that the specific charge of conspiracy to commit PWID was *nolle prossed*. It is obvious that Tisdale was not convicted of conspiracy, but we are unsure how that charge was disposed of.

in her pocket and walked into a corner store. The two males turned around and began walking at a fast pace in the direction from which they had just come. The males continued to walk toward Walton Street, when police witnessed Raheem reach into his pocket and pull out a clear baggie containing several items believed to be marijuana.

The two males continued onto Walton Street, at which point Raheem removed a clear baggie from his pants pocket and handed it to Tisdale. Tisdale placed the baggie inside of a white plastic bag that had already been positioned on the porch of 5545 Walton Street. The two men then proceeded to walk down 56th Street. Police then went to the porch and recovered twelve (12) yellow packets, each containing 0.72 grams of marijuana, from within the clear baggie that had been placed inside of the white plastic bag. Police apprehended the two males and recovered $20 USD from Tisdale and $49 USD from Raheem.

Trial Court Opinion, 10/04/2013, at 2-3.

Procedurally, we note that Tisdale was convicted of PWID and conspiracy at a Municipal Court trial held on December 7, 2012. At that time, the Commonwealth withdrew the charge of possession of a controlled substance. Tisdale appealed and proceeded to a trial *de novo* before the Honorable Linda Carpenter. At that time, the only possessory charge Tisdale faced was a single count of possession with intent to deliver. Tisdale was acquitted of the PWID charge, but was found guilty of possession. Tisdale objected, claiming that under **Commonwealth v. Gordon**, 897 A.2d 504 (Pa. Super. 2006), because the stipulated amount of drugs involved was under 30 grams of marijuana, the court was obligated to find Tisdale guilty of SAM. The trial court rejected that argument and opined that because Tisdale was never charged with SAM, **Gordon** was inapplicable. This appeal followed.

- 3 -

The instant case presents a unique combination of two principles of law: the specific/general rule and lesser included offenses.[6]   The specific/general rule was first announced in **Commonwealth v. Brown**, 29 A.2d 793 (Pa. 1943), and states: "It is the policy of the law not to permit prosecutions under the general provisions of the penal code when there are applicable special provisions available." **Id**. at 796-97.  Further,

> [t]his same policy remains in force nearly sixty years later and continues to prevent the Commonwealth for pursuing general criminal charges against an individual whose conduct was intended to be punished by a "specific penal provision" that constitutes the exclusive legal authority: for prosecution of the acts charged.

**Commonwealth v. Leber, d/b/a Arctic Contractors, Inc.**, 802 A.2d 648, 650 (Pa. Super. 2002).

This rule was applied in **Gordon**, where the defendant possessed 8.67 grams of marijuana. He was charged with both possession of a controlled substance, subsection (16), and SAM, subsection (31).  He was convicted under the general offense found at subsection (16).  **Gordon** stated, in relevant part,

> [i]n our view, the General Assembly, by including subsection (31) in section 780-113 of the proscribed conduct of the Act, wisely set out the specific crime of possession of a small amount of marijuana, and created a graduated system of penalties that

_____

[6] These two rules are sometimes confused.  **See Commonwealth v. Karetny**, **Commonwealth v. Asbell**, 880 A.2d 505 (Pa. 2005).  Here, we are not applying the rules together, but serially.

- 4 -

imposes far heavier punishment for traffickers and lesser sanctions for casual users of marijuana.

. . .

As a result, the conviction under the general proscription contained in subsection (16) of section 780-113 of the Controlled Substance, Drug, Device and Cosmetic Act must be vacated, and the case remanded to the trial court for the entry of a verdict on the charge of possession of a small amount of marijuana as stated in subsection (31) of the Act.

*Commonwealth v. Gordon*, 897 A.2d at 509-10.

The recognition of the legislative intent to provide for a graduated system of penalties for possession of marijuana predates *Gordon*. In 1976, a panel of our Court stated:

Under the statutory scheme, possession of marijuana may be prosecuted under at least three sections. Possession of a large quantity of contraband is one factor which may lead to a conviction of possession with intent to deliver. *See Commonwealth v. Santiago*, 462 Pa. 228, 340 A.2d 440 (1975); *Commonwealth v. Hill*, 236 Pa.Super. 572, 576, 346 A.2d 314, 316 (1975)(Dissenting Opinion by HOFFMAN, J.). The offense is punishable by imprisonment up to 5 years and/or a fine of up to $15,000. If the jury believes that the accused merely possessed the marijuana and had no intent to deliver, the offense is a misdemeanor punishable by up to a year imprisonment and/or a fine of $5,000. If the jury finds that the accused possessed or distributed less than thirty grams of marijuana, the offense is a misdemeanor punishable by up to 30 days' imprisonment and/or a fine of $500. As between section 780-113(a)(30) and section 780-113(a)(16), the critical issue for the jury to decide is the question of intent. As between section 780-113(a)(30) or section 780-113(a)(16) and section 780-113(a)(31), the issue to be determined is the quantity possessed.

*Commonwealth v. Wilds*, 362 A.2d 273, 277-78 (Pa. Super. 1976) (footnotes omitted).

- 5 -

In light of the foregoing case law, it is apparent that where both subsection (16) and (31) apply, conviction properly rests on the specific charge found at subsection (31), SAM.

The application of **Gordon**, alone, however, ignores the trial court's concern that Tisdale was not charged with violating subsection (16). To address this concern, we must look to the application of rules regarding lesser included offenses.

The trial court correctly noted that Tisdale was not charged with SAM. However, at his trial *de novo*, he was also not charged with possession. The only charge Tisdale faced was for allegedly violating PWID.[7] Logically, if it matters that Tisdale was not charged, *de novo*, with SAM, then it also matters that he was not charged with possession. Yet, the trial court found

---

[7] Because the instant matter was tried *de novo*, the specifics of the municipal court trial and the charges Tisdale faced are currently irrelevant. The effect of a trial *de novo* is that it supplants any prior decision *in toto*.

> Accordingly, because appellants have perfected their appeals to the Court of Common Pleas of Allegheny County, the cases have to be retried "as if the prior summary proceeding[s] had *not* occurred," that is, *de novo. Id.* at ftn. 3. (emphasis added); *see also, Commonwealth v. Moore*, 226 Pa.Super. 58, 312 A.2d 422, 426 (1973) (trial *de novo* means "that the defendant's case will in fact be tried in Common Pleas 'anew' the same as if it had not been heard before and as if no decision had been previously rendered.' 2 Am.Jur.2d Admin.Law § 698 (1962)") (Spaeth, J., Dissenting and Concurring Opinion).

**Commonwealth v. Krut**, 457 A.2d 114, 116 (Pa. Super. 1983).

Tisdale guilty of possession. Therefore, distinguishing **Gordon** on the fact that Tisdale was not formally charged with SAM is unavailing.

The fact that Tisdale was not formally charged with either possession or SAM is not dispositive, because both of those charges are lesser included offenses to PWID.

> In the instant case, the offense charged clearly included the offense of mere possession. Every element of possession is included within the crime of possession with intent to deliver. The only element which distinguishes the latter from the former is the manufacture, delivery, or an intent to manufacture or deliver. **Similarly, possession of a small quantity of marijuana for personal use would necessarily be included within the crime of possession with intent to deliver.** The issue, therefore, is whether the evidence at trial would possibly support both a conviction of the lesser offense of possession of a small quantity for personal use and an acquittal of possession of marijuana with intent to deliver.

**Commonwealth v. Wilds**, 362 A.2d at 278-79 (emphasis added).

Recognizing that both possession and SAM are lesser included offenses to PWID, we examine how a defendant is charged with a lesser included offense.

> This end has been frequently achieved by the Commonwealth in one of two ways, namely: (1) they have expressly put the accused "on notice" by specifically charging him with the less culpable offense; or, (2) they have implicitly put the accused "on notice" through the information because the proven, but uncharged, crime is a lesser included offense of the charged, but unproven, offense as a matter of law.

**Commonwealth v. Gouse**, 429 A.2d 1129, 1132 (Pa. Super. 1981) (citation omitted).

Here, when Tisdale was formally charged with PWID only, he was implicitly charged with the lesser included offenses of possession and SAM. Because Tisdale was implicitly charged with the lesser included offenses, he could be convicted of either of the lesser included offenses, subject to any other applicable principles of law and evidence.

Instantly, as demonstrated above, the general/specific principle governs the application of possession and SAM. The evidence, as stipulated at trial, was that the total amount of marijuana involved was 8.64 grams.[8] **See** N.T., Trial, 3/4/2013, at 30-31. Pursuant to subsection (31), 30 grams of marijuana or less shall be considered a small amount of marijuana. Accordingly, because Tisdale was implicitly charged with both possession and SAM, and the stipulated evidence clearly supports the specific SAM charge, Tisdale should have been properly convicted of possession of a small amount of marijuana, 35 P.S. § 780-113(a)(31). We see no reason to draw a distinction between being formally charged with possession and SAM, as happened in **Gordon**, or implicitly charged with those crimes, as happened here. Treating the two differently would allow the Commonwealth to evade general/specific rule and would render the legislative intent of a graduated system of prosecution and punishment all but meaningless in such situations.

---

[8] The 12 packets of marijuana, each weighing 0.72 grams, equaled 8.64 grams.

In light of the foregoing, we vacate judgment of sentence for possession of marijuana and remand to the trial court for entry of a guilty verdict on the charge of possession of a small amount of marijuana and for imposition of a new sentence. Additionally, we direct the trial court to formally dispose of the conspiracy charge.

Judgment of sentence vacated, matter remanded to the Court of Common Pleas of Philadelphia County for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/27/2014