J-S61045-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TERRANCE TERRELL HOPSON, | : | |
| | : | |
| Appellant | : | No.  335 MDA 2015 |

Appeal from the Judgment of Sentence Entered December 5, 2014,
in the Court of Common Pleas of Lycoming County,
Criminal Division, at No(s): CP-41-CR-0000825-2013

BEFORE:    PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:             **FILED OCTOBER 27, 2015**

Terrance Terrell Hopson (Appellant) appeals from a judgment of sentence entered following his convictions for contraband-controlled substance contraband to confined persons prohibited, contraband-possession of controlled substance contraband by inmate prohibited, possession of a controlled substance (marijuana), and possession of a small amount of marijuana.  While we ultimately affirm Appellant's judgment of sentence, we vacate his conviction for possession of a controlled substance (marijuana).

The trial court summarized the background underlying this matter as follows.

> On May 2, 2013, the mother of [Appellant's] girlfriend called the Pennsylvania State Police (PSP) barracks in Milton. The mother told police that [Appellant] was smoking marijuana with her daughter and selling narcotics in West Milton, Pennsylvania.  The barracks in Milton contacted PSP Trooper John Whipple (Whipple).  Whipple talked with the mother, who

*Retired Senior Judge assigned to the Superior Court.

said that her daughter and [Appellant] had borrowed the mother's car, which was a black Buick Rendezvous. The mother said that her daughter and [Appellant] had gone to Williamsport, Pennsylvania to purchase drugs to sell in Milton. She told Whipple that her daughter and [Appellant] were returning to West Milton around 5:30 P.M. or 6 P.M. The mother gave Whipple the addresses in Williamsport where she thought her daughter and [Appellant] might be. Whipple went to those addresses but did not find the black Rendezvous.

Whipple then parked beside State Route 15 to look for the black Rendezvous. Whipple saw a black Rendezvous travelling south on Route 15. Whipple testified that a young woman was driving the vehicle and [Appellant] was in the passenger seat. Whipple followed the vehicle to daughter's address in West Milton. PSP Trooper Mitchell McMunn (McMunn) and Trooper Samuel Fishel (Fishel) were already at the address when the Rendezvous and Whipple arrived.

McMunn approached the passenger side of the Rendezvous. As he approached, he observed [Appellant] grabbing a black duffle bag. When [Appellant] began to exit the Rendezvous, McMunn noticed a strong odor of marijuana emanating from the vehicle. McMunn testified that [Appellant] appeared very nervous and was fidgeting. McMunn asked [Appellant] whether there was anything in the duffle bag. [Appellant] said there was nothing in the bag and told McMunn that he could search it. [Appellant] went to open the bag, but McMunn told [him] not to open it. McMunn then asked if he could search the bag[, and Appellant] said he could not.

McMunn then decided to detain [Appellant] because of the odor of marijuana. McMunn testified that [Appellant] was giving non-verbal indicators that he wanted to flee. Fishel told [Appellant] to get up against the car. Fishel put handcuffs on one hand of [Appellant], but as he tried to put the cuffs on the other hand, [Appellant] threw an elbow and "began to fight" with the troopers. Fishel and McMunn wrestled [Appellant] to the ground. [Appellant] attempted to keep his arms under him, but after 30 seconds, the troopers were able to place [Appellant] in handcuffs. McMunn testified that once [Appellant] was in handcuffs, [Appellant] did not have access to his front pockets.

- 2 -

After placing [Appellant] in handcuffs, McMunn searched [Appellant]. McMunn found a sandwich bag in [Appellant's] left pants pocket. The bag contained marijuana. McMunn found a wallet, loose currency, and a cigarette box in [Appellant's] right front pants pocket. A glass device for smoking marijuana was found in the cigarette box. During trial, McMunn testified that he did not remember whether he told [Appellant] what he found. [Appellant] was placed in the back of a patrol car and transported to a location where the Lycoming County Adult Probation Office (APO) could take custody of him.

Lycoming County Probation Officer Bryan Bower (Bower) testified that when he arrived to take custody of [Appellant], [Appellant] was handcuffed in the back of a PSP patrol car. Bower placed his handcuffs on [Appellant] and then removed the PSP handcuffs. Bower did not search [Appellant] because he presumed he was already searched by the PSP. Bower did not ask [Appellant] whether he had drugs in his possession.

Lycoming County Corrections Officer Michael Swain (Swain) testified that he was the intake officer at the Lycoming County Prison on May 2, 2013. He testified that as an intake officer, he "take[s] new commitments from the arresting agency as they come in the back door, verif[ies] confinement orders, search[es] the inmate, process[es] them, everything up to the point where they go to medical and then assign[s] them a bed to go upstairs." Swain testified that [Appellant] was in handcuffs when APO brought him to the prison. Immediately after the handcuffs were removed, [Appellant] placed his hands on the wall. Swain felt a little bulge in the front right watch pocket of [Appellant's] pants. Swain found a clear plastic bag in the watch pocket. The bag contained marijuana.

Whipple testified that he received all of the evidence. The bag found by McMunn had 20 grams of marijuana in it. The bag found by Swain was one inch by one inch, smaller than the bag found by McMunn. Whipple testified that he believe[d] the marijuana found by Swain was for resale because it was in a separate and smaller bag. The duffle bag contained a clear plastic bag. The bag contained smaller clear plastic bags. Half of the smaller bags were one inch by one inch. The other half were one inch by 1.5 inches.

During the preliminary arraignment, [Appellant] commented that the marijuana found at the Lycoming County Prison was "from the same stuff." Whipple believed this comment showed that [Appellant] believed the small bag of marijuana in the watch pocket "was just an extension or from the big bag of weed that Trooper McMunn found in his left pocket."

On March 13, 2014, after a non-jury trial, [the trial court] found [Appellant] guilty of contraband-controlled substances, possession of controlled substances contraband by inmate prohibited, possession of marijuana, and possession of a small amount of marijuana.[1] Sentencing was originally scheduled for June 26, 2014. On June 10, 2014, [Appellant] filed a motion for arrest of judgment/new trial. [The trial court] denied the motion on June 23, 2014…. On October 21, 2014, [Appellant] was sentenced on the contraband-controlled substances offense to four years in Lycoming County Intermediate Punishment program. [The court] ordered that the first two years be served in county prison. The [c]ourt found that the other offenses merged with contraband-controlled substances for sentencing purposes. [On October 31, 2014, Appellant filed post-sentence motions.] On December 5, 2014, after it appeared to [the trial court] that it imposed an illegal sentence, [the court] resentenced [Appellant] on the contraband-controlled substances offense to incarceration in a state correctional institution for a minimum of two years and a maximum of four years. The [c]ourt again found that the other offenses merged with contraband-controlled substances for sentencing purposes.

Trial Court Opinion, 2/5/2015, at 1-4 (footnotes and unnecessary capitalization omitted).

The trial court denied Appellant's post-sentence motions on February 5, 2015. Appellant timely filed a notice of appeal. The trial court directed

_____

[1] The non-jury trial that took place on March 13, 2014, related only to the marijuana Swain found on Appellant in the Lycoming County Prison. Appellant faced additional charges in Union County for the events that took place when the various state troopers encountered Appellant outside of the Rendezvous.

Appellant to comply with Pa.R.A.P. 1925(b), and Appellant filed a 1925(b) statement. The trial court subsequently issued an opinion in compliance with Pa.R.A.P. 1925(a).

In his brief to this Court, Appellant asks us to consider the questions that follow.

> [1.] Whether the lower court erred in finding [] Appellant guilty of possession of a controlled substance as defined in 35 [Pa.C.S.] §780-113(a)(16) despite the more specific offense for possession of a small amount of marijuana §780-113(a)(31)?
>
> [2.] Whether the lower court erred in finding that there was sufficient evidence produced at trial to sustain a conviction for possession of contraband, possession of a controlled substance, and possession of a small amount of marijuana?

Appellant's Brief at 4 (suggested answers omitted).[2]

Regarding the first issue, Appellant was convicted of violating both 35 P.S. § 780-113(a)(16) and 35 P.S. § 780-113(a)(31), which provide as follows.

> (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:
>
> ***
>
> (16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

---

[2] We have reordered Appellant's issues for ease of disposition.

\*\*\*

(31) Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use; (ii) the possession of a small amount of marihuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marihuana but not for sale.

For purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marihuana.

35 P.S. § 780-113.

Appellant argues that the trial court was prohibited from convicting him of violating subsection (a)(16); instead, the court should have convicted him only of violating subsection (a)(31). The trial court agrees with Appellant in its 1925(a) opinion. Trial Court Opinion, 4/15/2015. We also agree with Appellant. *See Commonwealth v. Tisdale*, 100 A.3d 216, 219 (Pa. Super. 2014) ("[I]t is apparent that where both subsection (16) and (31) apply, conviction properly rests on the specific charge found at subsection (31)[]."). Consequently, we vacate Appellant's conviction for violating subsection (a)(16).

In support of the second issue, Appellant argues that the Commonwealth failed to offer sufficient evidence to convict him of contraband-controlled substance contraband to confined persons prohibited, contraband-possession of controlled substance contraband by inmate prohibited, possession of a controlled substance (marijuana), and possession

of a small amount of marijuana. We already have vacated Appellant's conviction for possession of a controlled substance (marijuana). Thus, we need not further address that conviction.

Regarding his contraband convictions, Appellant was found guilty of violating 18 Pa.C.S. § 5123(a), which is entitled "controlled substance contraband to confined persons prohibited," and 18 Pa.C.S. § 5123(a.2), which is entitled "possession of controlled substance contraband by inmate prohibited." In his 1925(b) statement, Appellant merely averred that his convictions for "possession of contraband by an inmate, possession of a controlled substance, and possession of a small amount of marijuana" were not supported by sufficient evidence. Pa.R.A.P. 1925(b) Statement, 3/25/2015. Thus, in terms of his contraband convictions, Appellant has waived his issue regarding subsection 5123(a) by failing to include it in his 1925(b) statement. Pa.R.A.P. 1925(b)(4)(vii).

Moreover, assuming *arguendo* that Appellant challenged both of his contraband convictions in his 1925(b) statement, in that statement, Appellant specifically challenged the *mens rea* element of his convictions, stating that the Commonwealth failed to prove that he "knowingly possessed a small amount of marijuana while being processed through intake at the Lycoming County Prison." *Id.* Yet, in his appellate brief, Appellant offers a brief argument that the trial evidence was insufficient to support his conviction for violating subsection 5123(a) of the contraband statute,

- 7 -

arguing "that the legislative intent of [sub]section (a) is to deter third parties, or visitors from bringing controlled substances into prison systems." Appellant's Brief at 10. Appellant failed to include such an issue in his 1925(b) statement; thus, the issue is waived for this reason as well. Pa.R.A.P. 1925(b)(4)(vii).

As to his remaining two convictions, Appellant presents the same argument. He claims that the Commonwealth failed to prove that he knowingly possessed the marijuana Swain found in the front right watch pocket of Appellant's pants. Appellant essentially contends that, because McMunn searched him prior to his intake at the prison, he did not know he still had the bag of marijuana in his watch pocket when he arrived for intake at the prison.

> Our standard of review in determining whether the evidence was sufficient
>
> > requires that we consider the evidence admitted at trial in a light most favorable to the Commonwealth, since it was the verdict winner, and grant it all reasonable inferences which can be derived therefrom. The evidence, so viewed, will be deemed legally sufficient to sustain the jury's conviction on appeal only if it proves each element of the offense charged beyond a reasonable doubt.

***Commonwealth v. Poland***, 26 A.3d 518, 521 (Pa. Super. 2011) (citation omitted).

The trial court could find that Appellant knew that he had a bag of marijuana in the right front watch pocket of his pants. The evidence

presented at trial establishes that McMunn retrieved marijuana only from Appellant's left front pocket of his pants and other items from Appellant's right front pocket. There was no evidence that McMunn or any other officer searched or removed anything from Appellant's right front watch pocket. It is more than reasonable to infer that Appellant knew that the bag of marijuana remained in his watch pocket after McMunn's search. Thus, the evidence sufficiently demonstrates that Appellant knew he still had marijuana in the right front watch pocket of his pants when he arrived at the Lycoming County Prison. This issue warrants no relief.

For these reasons, we vacate Appellant's conviction for violating 35 P.S. § 780-113(a)(16). Because the court merged this conviction for sentencing purposes with Appellant's conviction for violating 18 Pa.C.S. § 5123(a), we can affirm the judgment of sentence, as the erroneous conviction has no impact on the court's overall sentencing scheme. **See Commonwealth v. Thur**, 906 A.2d 552, 569 (Pa. Super. 2006) ("If [this Court's] disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan. By contrast, if our decision does not alter the overall scheme, there is no need for a remand.").

Judgment of sentence affirmed. Conviction for violating 35 P.S. § 780-113(a)(16) vacated.

J-S61045-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2015