J-A08011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE HOWELL, | |
| Appellant | No. 3407 EDA 2014 |

Appeal from the Judgment of Sentence of November 7, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005449-2014

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 19, 2016**

Andre Howell appeals from the judgment of sentence entered on November 7, 2014, following his conviction for possession of a controlled substance ("possession").[1]  We vacate and remand this matter for entry of a

---

[1] The Controlled Substance, Drug, Device, and Cosmetic Act ("Act") prohibits "Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act."  35 Pa.C.S. § 780-113(a)(16).

* Retired Senior Judge assigned to the Superior Court.

guilty verdict to the crime of possession of a small amount of marijuana ("SAM")[2] and for imposition of a new sentence.

The trial court set forth the facts as follows:

On January 23, 2013, shortly before 5:00 p.m., Philadelphia Police Officers Jorge Soto and his partner, Officer Dwayne White, were on routine patrol in the 5500 block of Harmer Street in Philadelphia, when Officer Soto saw Appellant retrieve an object from a plastic bag and hand it to another individual named Mitchell using a pitching motion. The officers stopped their vehicle at which time Mitchell threw the item Appellant tossed him to the ground and Appellant quickly placed the plastic bag into the pocket of his hooded sweatshirt.

The officers recovered the object Mitchell discarded and observed alleged marijuana. Appellant was then searched and recovered from his sweatshirt pocket was a bag containing five Ziploc plastic bags containing alleged marijuana. Both men were then arrested. Subsequent testing of the substance in the six packets established that it was marijuana. The marijuana totaled six grams.

Trial Court Opinion, 7/16/15, at 2 (internal citations omitted).

Appellant was tried in municipal court and found guilty of possession and possession with intent to deliver a controlled substance ("PWID"). He appealed *de novo* to the trial court below. Following a nonjury trial on July

_____

[2] The Act bans possession or distribution of a small amount of marijuana, defined as "thirty (30) grams" or less. It states, "Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use; (ii) the possession of a small amount of marihuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marihuana but not for sale," is prohibited. 35 Pa.C.S. § 780-113(a)(31).

22, 2014, Appellant was found guilty of possession only. On November 7, 2014, the trial court sentenced him to six months non-reporting probation. This timely appeal followed.[3]

Appellant raises one issue for our consideration:

> Did not the lower court err in finding appellant guilty of knowingly or intentionally possessing a controlled substance in violation of 35 Pa.C.S. § 780-113(a)(16), where appellant possessed less than 30 grams of marijuana and therefore could only have been convicted of possession of a small amount of marijuana pursuant to § 780-113(a)(31), the more specific offense?

Appellant's brief at 2.

Before we reach the merits of the appeal, we must first consider whether this issue is properly before us. The Commonwealth argues Appellant's claim has been waived. Commonwealth's brief at 5. The Commonwealth maintains that Appellant asserted at trial that, since he was not charged with SAM, he could not be convicted of SAM. Under the doctrine of judicial estoppel, the Commonwealth contends that Appellant should be prohibited from assuming a position in this appeal inconsistent

_____

[3] The initial appeal from the judgment of sentence was filed on December 2, 2014, within thirty days after entry of judgment as required by Pa.R.A.P. 903. A series of motions to extend the time for Appellant to file his Pa.R.A.P. 1925(b) concise statement of errors complained on appeal were filed and granted. On April 10, 2015, the trial court issued an order permitting Appellant to file his statement within twenty-one days of counsel's actual receipt of all notes of testimony. Appellant filed his Rule 1925(b) statement on June 19, 2015.

with his assertions to the court below, *i.e.*, that he should be convicted of SAM. ***Id***. Rather, the Commonwealth maintains that, by assuming a contrary position at trial, Appellant did not provide the trial court with an opportunity to consider Appellant's current complaint. Thus, it has not been preserved for review.

Pursuant to the doctrine of judicial estoppel, "a party to an action is estopped from assuming a position inconsistent with his or her assertion in a previous action, if his or her contention was successfully maintained." ***Newman Dev. Grp. of Pottstown, LLC v. Genuardi's Family Mkt., Inc.***, 98 A.3d 645 (Pa.Super. 2014) (citations omitted); ***see also Commonwealth v. Lam***, 684 A.2d 153, 164-65 (Pa.Super. 1996) (finding judicial estoppel inapplicable, since the Commonwealth's position was consistent). A contention has been successfully maintained if the decision-maker has been persuaded by the previously made assertions. ***See Thompson v. Anderson***, 632 A.3d 1349 (Pa.Super. 1993) (plaintiff estopped from claiming defendant's conduct was negligent after persuading the trier-of-fact in an earlier proceeding that same conduct was intentional); ***Trowbridge v. Scranton Artificial Limb Co.***, 747 A.2d 862 (Pa. 2000) (appellant estopped from pursuing claim under the Pennsylvania Human Relations Act after successfully applying for social security disability benefits establishing that her disability rendered her unable to work); ***In re Adoption of S.A.J.***, 838 A.2d 616 (Pa. 2003) (father estopped from

claiming paternity of child after previous court accepted his denial of paternity and excused him from child support).

Here, Appellant asserted at trial that he should not be convicted of SAM because it had not been charged. N.T. Trial, 7/22/14, at 22. After arguing that the evidence did not support convictions for possession with intent to deliver or possession, Appellant contended that the court should acquit him of all charges. *Id*. at 23. However, the court denied Appellant's motion, and convicted him of possession. *Id*. at 24. Nonetheless, Appellant's position regarding SAM was successfully maintained since he was not convicted of that offense.

Having concluded that Appellant met the structural criteria for imposing judicial estoppel, we must determine whether his actions were an abuse of the judicial process resulting in an affront to the integrity of the courts. *See In re Adoption of S.A.J.*, *supra* at 623 (citation omitted). As discussed further below, Appellant mistakenly believed he could not be convicted of SAM because he was not charged with that offense. Appellant's recognition of this mistaken belief is apparent from his position on appeal. The trial court also acknowledged this mistake, and requested that the judgment of sentence be vacated and the matter remanded for entry of a guilty plea for SAM. Therefore, we find Appellant did not abuse the judicial process resulting in an affront to the integrity of the court by taking a contrary position to his argument below.

- 5 -

Furthermore, we find this issue has not been waived. The trial court had sufficient notice that the lesser-included SAM charge was a possible alternative to a conviction of possession. For example, during the sentencing hearing the following exchange between the court and Appellant's counsel occurred:

THE COURT: Why can't he be guilty of [possession]?

APPELLANT'S COUNSEL: Because **Commonwealth v. Gordon** [897 A.2d 504 (Pa.Super. 2006)] . . . states he can only be found guilty on the most specific offense that they're actually guilty of. So the most specific offense here being the small amount of marijuana, subsection 31, which states possession of a small amount of marijuana is below the 2 [sic] grams. The defendant here, has 6 grams so –

THE COURT: That doesn't eliminate the Court's discretion to find that lesser proved offense. Isn't that what we have here?

COMMONWEALTH: You're not wrong.

N.T. Trial, 11/7/14, at 3-4. As the trial court was aware it had discretion to convict Appellant of the lesser-included SAM charge at the time of sentencing, and Appellant otherwise preserved this issue in his post-trial filings, we find this issue is properly before us now.

Turning to the merits of this appeal, we begin by observing that the issue in this case is nearly identical to the issue facing this Court in **Commonwealth v. Tisdale**, 100 A.3d 216 (Pa.Super. 2014). We find **Tisdale** dispositive. In **Tisdale**, the defendant appealed from a judgment of sentence following his conviction for possession. The sole issue on appeal

- 6 -

was whether he was improperly convicted of possession, and instead should have been convicted of SAM. This court observed that Tisdale had been convicted of PWID before a municipal court. *Id*. at 218. He appealed and proceeded to a trial *de novo* where he faced a single count of PWID. *Id*.

The trial court acquitted Tisdale of PWID, but found him guilty of possession. *Id*. Tisdale objected based on *Gordon*, *supra*, contending that since the stipulated amount of drugs involved was less than 30 grams of marijuana, the court was obligated to find him guilty of SAM. *Id*. The trial court rejected this argument on the basis that Tisdale was never charged with SAM, and therefore *Gordon* was inapplicable. *Id*.

On appeal, this Court acknowledged the "specific over general" rule as first applied in *Commonwealth v. Brown*, 29 A.2d 793 (Pa. 1943). We observed, "It is the policy of the law not to permit prosecutions under the general provisions of the penal code when there are applicable special provisions available." *Tisdale*, 100 A.3d at 218 (citing *Brown*, 29 A.2d at 796-97). Moreover, this policy "continues to prevent the Commonwealth [from] pursuing general criminal charges against an individual whose conduct was intended to be punished by a 'specific penal provision' that constitutes the exclusive legal authority: for prosecution of the acts charged." *Id*. at 218-19 (citations omitted). Indeed,

> by including subsection (31) in section 780-113 of the proscribed conduct of the [Controlled Substance, Drug, Device, and Cosmetic Act], [the General Assembly] wisely set out the specific

crime of possession of a small amount of marijuana, and created a graduated system of penalties that imposes far heavier punishment for traffickers and lesser sanctions for casual users of marijuana.

*Id*. at 219 (citations omitted). In light of the relevant case law and legislative intent underpinning the applicable sections of the Controlled Substance, Drug, Device, and Cosmetic Act, we found that "where both subsections (16) and (31) apply, conviction properly rests on the specific charge found at subsection (31), SAM." *Id*.; *see* 35 Pa.C.S. § 780-101 *et seq.*

In *Tisdale*, as here, the defendant was not charged with SAM.[4] However, we did not find it dispositive that Tisdale was charged with neither possession nor SAM. *Id*. at 220. Rather, since Tisdale was formally charged with PWID, he was "implicitly charged with the lesser included offenses of [possession] and SAM." *Id*. As a result, Tisdale could be convicted of either of the lesser offenses, "subject to any other applicable principles of law and evidence." *Id*. The evidence stipulated at trial in *Tisdale* proved that the total amount of marijuana involved was 8.64 grams; consequently we found Tisdale should have been convicted of SAM. *Id*. at 220-21.

---

[4] In *Tisdale*, unlike here, the defendant was also not charged with possession, of which he was ultimately convicted prior to his appeal. We find this distinction irrelevant, as both possession and SAM are lesser-included offenses of PWID.

In the instant case, Appellant was charged with PWID and possession. The trial court acquitted Appellant of PWID and found him guilty of possession, despite a stipulation by the parties that Appellant was found in possession of only six grams of marijuana. Pursuant to **Tisdale**, **supra**, Appellant was implicitly charged with SAM when he faced a charge for PWID. In accordance with the stipulated amount of marijuana at issue, he could only properly have been convicted of SAM under subsection (31), **notwithstanding** subsection (16). **See** 35 Pa. C.S. § 780-113(a)(31).

Relying on 42 Pa.C.S. § 9303, the Commonwealth asserts that "where two statutes define identical conduct, deciding which to apply is a matter of prosecutorial discretion."[5] Commonwealth's brief at 7-8. We find the Commonwealth's argument unavailing, as 42 Pa.C.S. § 9303 became effective in 2003, and **Tisdale** was decided in 2014. As such we are bound by our holding in **Tisdale**, that where both subsections (16) and (31) apply, conviction properly rests on subsection (31).

Based on the aforementioned reasons, we vacate the judgment of sentence for knowing and intentional possession of marijuana and remand to

---

[5] The rules of Judicial Procedure read, "Notwithstanding the provisions of 1 Pa.C.S. § 1933 (relating to particular controls over general) or any other statute to the contrary, where the same conduct of a defendant violates more than one criminal statute, the defendant may be prosecuted under all available statutory criminal provisions without regard to the generality or specificity of the statutes." 42 Pa.C.S. § 9303.

the trial court for entry of a guilty verdict on the charge of possession of a small amount of marijuana and for imposition of a new sentence.[6]

Judgment of sentence vacated, matter remanded for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2016

_____

[6] The trial court agreed that it erred in failing to convict Appellant of SAM and requested that this matter be remanded for the entry of a guilty verdict of SAM.