J-A13030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
JOSEPH PEAIR GREGORY   :
  :
Appellant   :   No. 998 WDA 2023

Appeal from the Judgment of Sentence Entered June 28, 2023
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002345-2022

BEFORE: OLSON, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:            **FILED: July 15, 2024**

Joseph Peair Gregory ("Gregory") appeals from the judgment of sentence following his jury convictions of aggravated assault, escape, resisting arrest, false identification to law enforcement, possession of a controlled substance, and possession of drug paraphernalia, and his non-jury convictions of the summary offenses of criminal mischief and operating a vehicle without inspection.[1] For the reasons discussed below, we affirm.

We take the underlying facts and procedural history in this matter from our review of the certified record. City of Erie Patrolman Terrance Dawdy ("Patrolman Dawdy") and Corporal Dustin Landfried ("Corporal Landfried") were on routine patrol in the early evening hours in July 2022, when they

---

[1] *See* 18 Pa.C.S.A. §§ 2702(a)(3), 5121(a), 5104, 4914(a), 35 P.S. §§ 780-113(a)(16), (32), 18 Pa.C.S.A. § 3304(a)(2), 75 Pa.C.S.A. § 4703(a)(1).

observed a vehicle, later determined to be driven by Gregory, with an expired registration sticker. *See* N.T., 4/12/23, at 21-23; N.T., 4/13/23 (morning session), at 13-14. Corporal Landfried activated the marked police car's lights and sirens and effected a motor vehicle stop. *See* N.T., 4/12/23, at 23; N.T., 4/13/23 (morning session), at 14. Both police officers were in uniform with their body cameras ("body cams") and the police car's dashboard camera ("dash cam") activated. *See* N.T., 4/12/23, at 22, 25. As the officers approached the vehicle, a second police car occupied by Patrolman Luke DeHart ("Patrolman DeHart"), Sergeant Bielak ("Sergeant Bielak"), and Patrolman Rhodes ("Patrolman Rhodes)[2] arrived at the scene. *See id*. at 27-33.

After Gregory gave Corporal Landfried his vehicle and driver identification, Corporal Landfried asked him to get out of the car and received Gregory's permission to search the vehicle. *See* Commonwealth's Exhibits 1 and 4 (Body Cam Videos of Patrolman Dawdy and Corporal Landfried). Patrolman DeHart, Sergeant Bielak, and Patrolman Rhodes, stood with Gregory in front of one of the police vehicles during the search. *See* Commonwealth Exhibit 2 (Dash Cam Video). When Corporal Landfried

---

[2] Sergeant Bielak and Patrolman Rhodes's first names are not contained in the certified record.

discovered documents in the car which showed Gregory had given him false identification information, he asked the other officers to detain Gregory. **See** Commonwealth Exhibit 3 (Body Cam Video of Patrolman DeHart).

Gregory began running away. **See** Commonwealth Exhibits 2 and 3 (Dash Cam Video and Body Cam Video of Patrolman DeHart); **see also** N.T., 4/12/23, at 42-43. Patrolman DeHart chased after him, tackling Gregory; during the "take-down," Patrolman DeHart injured his elbow. **See id**. at 42-45. Other officers came to assist Patrolman DeHart, and Gregory struggled with the four police officers who were attempting to handcuff him. **See id**. Even after the police officers forcibly handcuffed him, Gregory continued to try to push himself up and away from the officers. **See id**.

Following an April 2023 jury trial, the jury convicted Gregory of the above-cited offenses, other than the summary offense of which the trial court convicted him. The trial court sentenced Gregory to an aggregate sentence of two to five years in prison to be followed by one year of probation. Gregory filed post-sentence motions, which the trial court denied. The instant, timely appeal followed.[3]

On appeal, Gregory raises three issues for our review:

1. Did the Commonwealth present sufficient evidence to sustain [Gregory's] conviction for aggravated assault as the evidence

---

[3] Gregory and the trial court complied with Pa.R.A.P. 1925.

of record does not establish [Gregory] acted intentionally or knowingly or that [Officer DeHart] sustained bodily injury?

2. Did the Commonwealth present sufficient evidence to sustain [Gregory's] conviction for resisting arrest as [Gregory's] actions did not create a substantial risk of bodily injury or employ means requiring substantial force to overcome?

3. Did the trial court illegally subject [Gregory] to the heightened penalty for simple possession of marijuana where the facts supported a conviction for possession of a small amount of marijuana ["SAM"]?

Gregory's Brief at 8 (capitalization regularized).

In his first two issues, Gregory challenges the sufficiency of the evidence underlying his convictions for aggravated assault and resisting arrest. *See* Gregory's Brief at 20-27.

Pertinently:

[w]e review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[]finder to find every element of the crime beyond a reasonable doubt. Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact— while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact[]finder.

*Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017) (internal citations and quotation marks omitted). A defendant commits aggravated assault of a law enforcement officer when he "either attempted to cause, or intentionally or knowingly caused, bodily injury to [the officer]."

- 4 -

***Commonwealth v. Brown***, 212 A.3d 1076, 1084 (Pa. Super. 2019); ***see also*** 18 Pa.C.S.A. §§ 2702(a)(3), (c)(1). The Commonwealth is not required to prove the officer was injured, only that the defendant attempted to cause injury. ***See id***. "The Commonwealth may prove a defendant's intent to inflict injury by circumstances which reasonably suggest his intention." ***Id***. (citations and internal quotation marks omitted).

An individual resists arrest when

with the intent of preventing a public servant from effecting a lawful arrest . . . the person creates a substantial risk of bodily injury to the public servant . . . or employs means justifying or requiring substantial force to overcome the resistance.

18 Pa.C.S.A. § 5104. This Court has stated:

[A] valid charge of resisting arrest requires an underlying lawful arrest, which, in turn, requires that the arresting officer possess probable cause. Section 5104 criminalizes two types of conduct intended to prevent a lawful arrest: the creation of a substantial risk of bodily injury to the officer or anyone else or means justifying or requiring a substantial force to overcome.

***Commonwealth v. Clemens***, 242 A.3d 659, 666 (Pa. Super. 2020) (internal citations and quotation marks omitted).

Gregory first maintains the evidence was insufficient to sustain his conviction for aggravated assault. ***See*** Gregory's Brief at 20- 25. Gregory argues there was "no evidence . . . [he] intentionally sought to cause bodily injury to [Patrolman DeHart]." ***Id***. at 22. Gregory claims it was not "***practically certain***" his action in attempting to escape would cause bodily

injury to an officer. *See id*. at 23. Instead, Gregory contends Patrolman DeHart suffered the injury "because he chose to subdue [Gregory] in the manner that he did." *Id*. Lastly, Gregory avers Patrolman DeHart's "elbow injury did not constitute 'bodily injury' as contemplated by the statute." *Id*.

The trial court disagreed, explaining:

> [a]t trial, the jury saw the video of [Gregory's] behavior, and heard Officer DeHart describe the injury to his elbow. The jury thereafter concluded that [Gregory] was guilty of aggravated assault. The jury was given the legal requirements for aggravated assault and "bodily injury", and obviously concluded that Officer DeHart suffered such injury. The [trial c]ourt therefore concludes that the jury had a reasonable basis to find [Gregory] guilty of aggravated assault.

Trial Court Opinion and Order, 8/19/23, at 2.

This Court has thoroughly reviewed both the testimony and the body cam videos and finds no error in the trial court's denial of Gregory's sufficiency claim. The videos demonstrate Gregory chose to try to escape by pushing through three police officers and running. *See* Commonwealth Exhibits 2 and 3 (Dash Cam Video and Body Cam Video of Patrolman DeHart). Gregory should have foreseen that one of the officers may sustain bodily injury after Gregory chose to flee and the officers pursued him. We reject Gregory's argument Patrolmen DeHart was responsible for his own injury because of the "manner" in which he attempted to recapture Gregory; it is certainly not for Gregory to prescribe the manner in which a fleeing suspect shall be subdued. Lastly, we note both the videos and testimonial evidence show Officer DeHart

bleeding following Gregory's capture, and he testified his elbow remained bruised and painful for over one week. **See id**.; **see also** N.T., 4/12/23, at 44-45, 48. The evidence was sufficient to sustain Gregory's conviction for aggravated assault of an officer. **See Brown**, 212 A.3d at 1084 (holding the evidence was sufficient to sustain a conviction pursuant to 18 Pa.C.S.A. § 2702(a)(3) where defendant was hostile, argumentative, refused to obey commands, and punched an officer in the chest); **see also Commonwealth v. Hatch**, 314 A.3d 928, 933-34 (Pa. Super. 2024) (reversing the trial court and holding evidence was sufficient to state a *prima facie* case under 18 Pa.C.S.A. § 2702(a)(3) where defendant screamed at the officer and slammed a screen door to prevent the officer's entry into her home, hitting the officer's shoulder, then while he attempted to detain her, pushed him, and swung at his face, scratching him). Gregory's first issue does not merit relief.

Gregory also alleges the evidence was insufficient to sustain his conviction for resisting arrest. **See** Gregory's Brief at 25-27. Gregory does not dispute that the police had probable cause to arrest him. **See id**. Further, Gregory acknowledges he attempted to escape from police, and once recaptured, "kept trying to get away, push his way off the ground, and did not immediately put his hands behind his back." **Id**. at 26. However, because the police were able to quickly subdue him, he maintains his behavior did not constitute resisting arrest but rather a mere "scuffle." **Id**. at 26-27.

The trial court disagreed:

> [t]he jury watched on video the interaction between the police and [Gregory], including scenes of several officers struggling with [Gregory]. The jury thereafter concluded that [Gregory's] actions constituted resisting arrest. The [trial c]ourt finds that there was sufficient evidence to support the jury's decision.

Trial Court Opinion and Order, 8/19/23, at 3.

The record and relevant law support Gregory's conviction. We have reviewed the videos which show that, upon hearing he was going to be detained, Gregory immediately broke into a run, and pushed past three police officers. *See* Commonwealth Exhibits 1, 2, and 3 (Body Cam Video of Patrolman Dawdy, Dash Cam Video, Body Cam Video of Patrolman DeHart). When tackled, Gregory refused to comply with police commands, keeping his arms under his stomach and pushing up to try to dislodge the officers. *See id*. It took two police officers to get Gregory's hands in a position to be handcuffed and he struggled with the officers throughout the process. *See id*. Even when in handcuffs, Gregory continued to try to push up and get away and it required four police officers, two holding his arms, and two sitting on his calves, to subdue him. *See id*. This evidence is sufficient to sustain a conviction for resisting arrest. *See Clemens*, 242 A.3d at 667 (holding the evidence was sufficient to sustain a conviction for resisting arrest where police had probable cause to arrest and where appellant refused to leave his vehicle requiring the police to physically extract him); *Commonwealth v. Coleman*,

19 A.3d 1111, 1118 (Pa. Super. 2011) (holding the evidence was sufficient to sustain a conviction for resisting arrest where defendant refused to remove his hand from his pocket and "struggled" with the police officer when he tried to remove it); ***Commonwealth v. McDonald***, 17 A.3d 1282, 1285-86 (Pa. Super. 2011) (holding the evidence was sufficient to sustain a conviction for resisting arrest where defendant tried to flee the scene; it took multiple police, officers to hold him down; defendant kept trying to push up; and police had difficulty handcuffing him). Gregory's second issue does not merit relief.

In his third issue, Gregory claims his sentence for simple possession of marijuana is illegal. ***See*** Gregory's Brief at 27-29. Gregory admits that, contrary to the rules of issue preservation,[4] he is raising this issue for the first time on appeal, but maintains it is a non-waivable, legality challenge. ***See id***. at 27-28. Specifically, while acknowledging his sentence of one year of probation is within the statutory limits, Gregory argues his sentence for simple possession of marijuana is nonetheless illegal because the evidence at trial better supported a conviction for SAM. ***See id***. at 28-29. To support his challenge to the legality of sentence, Gregory relies on this Court's decision in ***Commonwealth v. Tisdale***, 100 A.3d 216, 219 (Pa. Super. 2014). However, this reliance is misplaced.

---

[4] ***See*** Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii).

*Tisdale* is not a legality of sentence case. *See id*. at 217. In *Tisdale*, the Commonwealth charged Tisdale with possession with intent to deliver ("PWID") and conspiracy. *See id*. at 218. The trial court acquitted Tisdale of PWID but convicted him of a non-charged offense, simple possession of marijuana. *See id*. Tisdale objected *to the verdict*, arguing that both simple possession and SAM were lesser-included offenses of PWID and based upon the stipulated weight of the marijuana in question, the court should have convicted him of SAM. *See id*. This Court agreed, holding that under the specific/general rule the Court should have convicted Tisdale of PWID. *See id*.

The instant matter is simply inapposite. Here, the Commonwealth charged Gregory with simple possession of marijuana. *See* Criminal Information, 11/7/22, at 2 (unnumbered). The jury convicted Gregory of simple possession of marijuana. *See* N.T., 4/13/23 (afternoon session), at 5. Following the reading of the verdict, Gregory moved for a judgment of acquittal only as to the aggravated assault charge. *See id*. at 6-7. In his post-sentence motions, Gregory again moved for judgment of acquittal as to aggravated assault and challenged the sufficiency of the evidence underlying his escape, resisting arrest, and criminal mischief charges. *See* Gregory's Post-Sentence Motion, 7/3/23, at 3-7. He did not raise any challenge to his conviction for simple possession. *See id*. Gregory does not cite to any legal

support for his argument that it was illegal for the trial court to sentence him on a charge that the jury convicted him of when he never challenged the verdict of the specific charge. **See** Gregory's Brief at 27-29. Thus, we conclude Gregory's final issue is a waivable challenge to the legality of sentence and Gregory waived the claim by not raising it below or in his Rule 1925(b) statement. **See** Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii).

Gregory's claims are either waived or not meritorious. Accordingly, we affirm the judgment of sentence.

Affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/15/2024