J-S12007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROLAND GATHRIGHT | : | |
| | : | |
| Appellant | : | No. 983 EDA 2021 |

Appeal from the PCRA Order Entered March 23, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001034-2009,
CP-51-CR-0001055-2009

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROLAND GATHRIGHT | : | |
| | : | |
| Appellant | : | No. 984 EDA 2021 |

Appeal from the PCRA Order Entered March 23, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001034-2009,
CP-51-CR-0001055-2009

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 25, 2022**

Appellant, Roland Gathright, appeals *pro se* from the post-conviction court's March 23, 2021 order denying his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9545.  After careful review, we affirm.

The PCRA court summarized the pertinent facts and procedural history

of Appellant's case, as follow:

This PCRA action stems from allegations that [Appellant] raped his two nieces, K.B. and A.B., in the spring or summer of 2008. N.T., 5/17/11[,] at 44. K.B was two years old and A.B. was ten years old at the time of the alleged rape. *Id.* at 42-43. In September 2008, … K.B.'s mother[] took K.B. to the hospital because K.B. was complaining of vaginal pain and had green discharge. *Id.* at 45. K.B. subsequently tested positive for gonorrhea. *Id.* After K.B.'s diagnosis, A.B. called her aunt and told her that she had seen [Appellant] put his penis into K.B. on two occasions and that he had also raped her twice. *Id.* at 47-48.

On January 16, 2009, [Appellant] was arrested and charged [in two separate cases] with two counts of rape, involuntary deviate sexual intercourse [(IDSI)], aggravated indecent assault [(AIA)], unlawful restraint, unlawful contact with a minor [(UCM)], sexual assault, incest, false imprisonment, endangering [the] welfare [of a child (EWOC)], indecent assault, corruption of minors [(COM)], indecent exposure, simple assault, and recklessly endangering another person ([REAP)]. The charges of unlawful restraint, false imprisonment, and [REAP] were dismissed after a preliminary hearing in Philadelphia Municipal Court on January 26, 2009. [Appellant] was held on all other charges.

On May 17, 2011, [Appellant] pled guilty [in his two separate cases] to two counts of rape of a child with serious bodily injury, two counts of [UCM], two counts of incest, two counts of [EWOC], and two counts of indecent assault. The two cases were then continued to August 11, 2011[,] for a Megan's Law Assessment, a pre[-]sentence investigation, and a mental health evaluation.

On August 10, 2011, [Appellant] moved to withdraw his guilty plea and filed a motion for change of appointed counsel. On September 27, 2011, the trial court granted [Appellant's] motion for change of appointed counsel following a determination that he was not a sexually violent predator and appointed new counsel. [Appellant's] new counsel then represented him at his hearing on his pre[-]sentence motion to withdraw his guilty plea.

On June 20, 2012, the [c]ourt granted [Appellant's] motion and allowed him to withdraw his guilty plea. The Commonwealth

subsequently filed a notice of appeal on July 20, 2012, challenging the [c]ourt's decision. The [c]ourt's decision was affirmed by the Superior Court of Pennsylvania on February 12, 2014. *Commonwealth v. Gathright*, [97 A.3d 802 (Pa. Super. 2014) (unpublished memorandum)]. … The Supreme Court of Pennsylvania then granted the Commonwealth's petition for allowance of appeal on August 14, 2015[,] and remanded the case for consideration by the trial court consistent with its recent decision in *Commonwealth v. Carrasquillo*, 115 A.3d 1284 (Pa. 2015). *Commonwealth v. Gathright*, [121 A.3d 434] (Pa. 2015).

The [c]ourt then held a hearing on January 29, 2016[,] to determine whether [Appellant] could withdraw his guilty plea under *Carrasquillo*. The [c]ourt denied [Appellant's] motion to withdraw his guilty plea on April 22, 2016.

[Appellant] was sentenced on June 24, 2016[,] on his convictions of two counts of rape of a child, two counts of [UCM], two counts of incest, two counts of [EWOC], and two counts of indecent assault. He was sentenced to 10 [to] 20 years[' imprisonment] on each of the two rape convictions, with his sentences to run consecutively. A post-sentence motion was filed on June 30, 2016[,] and denied on October 31, 2016. A notice of appeal was filed on November 28, 2016[,] challenging the [c]ourt's decision on his post-sentence motion. The Superior Court upheld the [c]ourt's decision on May 30, 2018, and a June 29, 2018 petition for allowance of [a]ppeal filed with the Pennsylvania Supreme Court was denied. *Commonwealth v. Gathright*, [192 A.3d 280 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 202 A.3d 685 (Pa. 2019)].

[Appellant] filed this *pro se* PCRA petition on January 7, 2020. In his PCRA petition, [Appellant] argues that he is entitled to release and discharge from custody, [or] either a new trial or evidentiary hearing due to (1) ineffective assistance of counsel, (2) an unlawfully induced guilty plea, and (3) the unavailability of newly available exculpatory evidence at the time of trial. In support, [Appellant] argue[d] that (1) his charges for rape were discharged at his January 26, 2009 preliminary hearing, (2) there was no rape kit or DNA taken from [Appellant] or the alleged victims, which constitute facts unknown to [Appellant] and on which the claims against him were predicated, and (3) an STD test came back negative before he turned himself in to police.

[Appellant]'s PCRA attorney … filed a [**Turner/**]**Finley**[1 "no-merit l]etter on September 24, 2020, recommending that [Appellant's] PCRA petition be denied as meritless.  The [c]ourt filed a notice of dismissal pursuant to Pennsylvania Rule of Criminal Procedure 907 on December 11, 2020, based on counsel's [**Tuner/**]**Finley** Letter.  [Appellant] filed a letter in response to the [Rule] 907 notice on December 29, 2020.  The [c]ourt then filed an order of dismissal on March 23, 2021, formally dismissing [Appellant's] PCRA petition [and permitting counsel to withdraw].

On May 4, 2021, [Appellant] filed [two separate,] *pro se* notice[s] of appeal challenging the [c]ourt's March 23[, 2021] order of formal dismissal.[2]  On May 25, 2021, the [c]ourt ordered

_____

1  **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

2 We note that the PCRA court's March 23, 2021 order incorrectly notified Appellant that he had the right to file a notice of appeal **in the singular**, despite that the order resolved issues arising on more than one docket, thereby requiring separate notices of appeal under Pa.R.A.P. 341.  **See** Order, 3/23/21, at 1 ("Should Petitioner choose to appeal this Order, Petitioner must file any written notice of appeal to the Superior Court within thirty (30) days of this Order.  Said notice of appeal must be filed with the Clerk of Courts in Philadelphia County-Criminal Division and served upon the PCRA [c]ourt, the Philadelphia District Attorney, and the Deputy Court Administrator."); Pa.R.A.P. 341, Note ("Where … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed."); **Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (holding that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket.  The failure to do so requires the appellate court to quash the appeal"), *overruled in part by* **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. 2021) (holding that "Rule 341 requires that when a single order resolves issues arising on more than one docket, separate notices of appeal must be filed from that order at each docket; but, where a timely appeal is erroneously filed at only one docket, Rule 902 permits the appellate court, in its discretion, to allow correction of the error, where appropriate").  Here, despite the court's error, Appellant correctly filed two, separate notices of appeal.  While he included both docket numbers of his two cases on each notice of appeal, this
*(Footnote Continued Next Page)*

[Appellant] to file a concise [s]tatement of [e]rrors [c]omplained of on [a]ppeal in accordance with Rule 1925(b)(1) of the Pennsylvania Rules of Appellate Procedure. [Appellant] filed his concise statement of errors on June 4, 2021.

In his statement of errors, [Appellant] argue[d] only that he pled guilty to two charges of rape[,] which had been previously discharged in his January 26, 2009 preliminary hearing. No other issues were stated, therefore any further issues raised in [Appellant's] PCRA petition are deemed waived. *See* Pa.R.A.P. 1925(b)(1)….

PCRA Court Opinion (PCO), 8/18/21, at 1-4 (some citations to the record omitted). The PCRA court filed its Rule 1925(a) opinion on August 18, 2021.

Before considering the claims Appellant raises herein, we must address two issues: (1) whether he has appealed from a final, appealable order; and (2) whether his appeal was timely filed.

First, in regard to whether the present order is final and appealable, Pennsylvania Rule of Appellate Procedure 301 states, in pertinent part:

**(a) Entry upon docket below.**

(1) Except as provided in subparagraph (2) of this paragraph, no order of a court shall be appealable until it

---

Court held that no violation of *Walker* occurred under similar circumstances in *Commonwealth v. Johnson*, 236 A.3d 1141, 1148 (Pa. Super. 2020), *appeal denied*, 242 A.3d 304 (Pa. 2020) (stating that "[t]he fact that [Johnson's separately-filed] notices [of appeal] contained all four lower court numbers is of no consequence"). Moreover, even if Appellant had violated *Walker*, we would not quash in light of the court's misinforming him about his appellate rights. *See Commonwealth v. Larkin*, 235 A.3d 350, 354 (Pa. Super. 2020), *appeal denied*, 251 A.3d 773 (Pa. 2021) (reaffirming our prior holding in *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa. Super. 2019), that we may overlook a violation of Rule 341(a) and *Walker* where "a breakdown occurs in the court system, and a defendant is misinformed or misled regarding his appellate rights").

has been entered upon the appropriate docket in the trial court. Where under the applicable practice below an order is entered in two or more dockets, the order has been entered for the purposes of appeal when it has been entered in the first appropriate docket.

(2) In a criminal case in which no post-sentence motion has been filed, a judgment of sentence is appealable upon the imposition of sentence in open court.

Pa.R.A.P. 301(a)(1), (2). Further, according to Pennsylvania Rule of Criminal Procedure 114, an order is properly entered on the docket when the entry for the order indicates "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2). The thirty-day time-period for appealing from a criminal order other than a judgment of sentence begins to run on the day that the order is served on the parties by the clerk of courts. *See* Pa.R.A.P. 108(a)(1), (d).

Here, the court's March 23, 2021 order was not properly entered on the docket. In particular, the docket entry fails to indicate that the order was served, as required by Pa.R.Crim.P. 907(4), or note the date upon which such service was made in accordance with the mandates of Pa.R.Crim.P. 114(C)(2).[3]

Nevertheless, we decline to quash Appellant's appeal. In *Commonwealth v. Carter*, 122 A.3d 388 (Pa. Super. 2015), the clerk of courts also failed to state the service date on the docket for the order denying

---

[3] We point out that there was a second docket entry for the order denying Appellant's petition, which was dated March 26, 2021. That docket entry also does not indicate the date on which service was made to Appellant.

- 6 -

Carter's post-sentence motion. *Id.* at 391. However, the clerk had certified on the back of the order that it had been served on all parties, and "Carter obviously received the … order because he filed his appeal … less than 30 days later." *Id.* Accordingly, we concluded that we would "'regard as done that which ought to have been done' and treat the appeal … as timely, *i.e.*, treat this appeal as if the [c]lerk inscribed the date of service on the docket…." *Id.* (citation omitted). As in *Carter*, here, the court's March 23, 2021 order contained proof of service indicating that Appellant was served by first class mail. *See* Order, 3/23/21, at 2 (unnumbered). Appellant obviously received that order, as he filed notices of appeal. Accordingly, we will consider as done that which ought to have been done, and treat this appeal as if the clerk inscribed the date of March 23, 2021 on the docket.

Next, we must address the timeliness of Appellant's appeal. Because the order denying his petition was filed on March 23, 2021, he had until April 22, 2021, to file a timely notice of appeal. *See* Pa.R.A.P. 903(a) (stating that a notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). However, Appellant's *pro se* notices of appeal were not docketed until May 4, 2021. Consequently, on September 24, 2021, this Court issued a rule to show cause why Appellant's appeals should not be quashed as untimely filed. On October 1, 2021, Appellant filed a *pro se* response to the rule to show cause. Attached thereto (and to his *pro se* notices of appeal) was an envelope addressed to Appellant from the First Judicial District of Pennsylvania (Philadelphia County). Appellant claimed that the

March 23, 2021 order dismissing his PCRA petition was mailed in that envelope, which bore two stamped postmarks with the dates of April 23, 2021 and April 24, 2021. This envelope appears to show a thirty-day delay in mailing of these orders.

Based on Appellant's response, we discharged the rule to show cause and referred the issue of the timeliness of Appellant's appeal to the panel. We now conclude that, based on the evidence indicating that Appellant did not receive the order denying his petition until at least April 23, 2021, his May 4, 2021 notices of appeal were timely. Thus, we will consider the merits of his appeal, mindful that,

> "[i]n reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Johnson***, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." ***Id.***

***Commonwealth v. Matias***, 63 A.3d 807, 810 (Pa. Super. 2013).

Presently, Appellant has filed with this Court a *pro se* brief that wholly fails to comply with our Rules of Appellate Procedure. Namely, he has not included a Statement of the Questions Presented (Pa.R.A.P. 2116), a Summary of the Argument (Pa.R.A.P. 2118), or an Argument (Pa.R.A.P. 2119) section in his brief. Instead, he simply sets forth a "Factual and Procedural Background," that does not clearly specify what issue he is raising or provide any discussion or citation to legal authority in support thereof. From the trial court's assessment of the issues raised in Appellant's petition, and our review

of his brief, it seems he is attempting to argue that one count of rape was dismissed at his preliminary hearing and, thus, his conviction for that count of rape is invalid. He also indicates that his plea counsel was ineffective for not appealing on his behalf or seeking to withdraw from representing Appellant.

The PCRA court rejected Appellant's first claim on the following grounds:

[Appellant] argues that his two charges for rape were discharged by the Honorable Alfred J. DiBona, Jr. (ret.) during a January 26, 2009 preliminary hearing. In his PCRA petition, it appears that [Appellant] frames this issue either as an ineffective assistance of counsel claim and/or an unlawfully induced guilty plea claim. ***See*** Gathright PCRA Pet., [1/3/20,] at 2, 4.

[Appellant's] argument stems from Judge DiBona's statement on the record during the January 26, 2009 preliminary hearing held on [Appellant's] two criminal cases that "[u]nlawful restraint, false imprisonment in both cases discharged. And rape discharged." N.T.[,] 1/26/09[,] at 35, ¶¶ 21-23; Gathright PCRA Pet., [1/3/20], Ex. A.

The [c]ourt's review of the record showed that Judge DiBona's official preliminary hearing disposition ordered that [Appellant] would be discharged "as to unl rest [*sic*], false imp [*sic*], and REAP" claims. [Municipal Court Transcript] Form, [1/26/09], … at 1 [(docketed as PARS Transfer)]. Judge DiBona's court order via the Municipal Court Transcript Form, on which his signature appears, discharges only the charges for unlawful restraint, false imprisonment, and [REAP]. The signed [Municipal Court] Transcript Form is Judge DiBona's official, written court order, and a written court order controls over any oral order made on the record during a hearing and appearing in the notes of testimony. ***See generally Commonwealth v. Borrin***, 80 A.3d 1219, 1226 (Pa. 2013) ([stating] in context of sentencing order, a "signed sentencing order, if legal, controls over oral statements of the sentencing judge not incorporated into the signed judgment of sentence[]"); ***Commonwealth v. Willis***, 68 A.3d 997, 1010 (Pa. Super. 2013) ("It is well settled that, where there is a discrepancy between the sentence as written and orally pronounced, the written sentence generally controls."); ***Commonwealth v. Gordon***, 897 A.2d 504, 507 n.7 (Pa. Super. 2006).

\*\*\*

> This [c]ourt therefore determined that only [Appellant's] charges for unlawful restraint, false imprisonment, and [REAP] were officially discharged following [Appellant's] preliminary hearing, superseding the oral discharge of rape appearing in his preliminary hearing notes of testimony. This determination was supplemented by (1) the bill of information, filed after the January 26[, 2009] preliminary hearing on February 6, 2009, which charged [Appellant] with, *inter alia*, two counts of rape of child under [18] Pa.C.S. … § 1331(c); and (2) the notes of testimony from [Appellant's] May 17, 2009 plea colloquy, where it was made clear to [Appellant] that he was charged with two counts of rape of a child. ***See*** Bill of Information, [2/6/09]; N.T., 5/17/11[,] at 6, 20, 33, 37, 40-41, 55.

PCO at 5-6 (some citations omitted). Appellant presents no coherent or legally supported argument challenging the PCRA court's rationale for rejecting his first claim. Because the court's decision is supported by the record, no relief is due.

Next, Appellant seemingly suggests that his plea counsel acted ineffectively by stating to the sentencing court that he "wanted nothing to do" with filing an appeal on Appellant's behalf, and by not seeking to withdraw from representing Appellant. Appellant's Brief at 2 (unnumbered page). Initially, Appellant did not state this issue in his Rule 1925(b) statement and, therefore, it is waived. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); Pa.R.A.P 1925(b) Order, 5/25/21, at 1 (warning that "[a]ny issue that is not properly included in the statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived") (unnumbered page); ***see also Greater Erie Indus. Dev. Corp. v. Presque***

*Isle Downs, Inc.*, 88 A.3d 222, 225 (Pa. Super. 2014) (*en banc*) ("[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation[.   T]herefore, we look first to the language of that order.") (citations omitted; some brackets added).

In any event, we would conclude that Appellant's ineffectiveness claim is meritless.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.  The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

Here, the certified record shows that new counsel entered his appearance on Appellant's behalf after his sentencing hearing, and that attorney filed a timely appeal on Appellant's behalf.  This Court then affirmed Appellant's judgment of sentence.  *See Gathright*, 192 A.3d at 280.  Thus, Appellant has not established that he was prejudiced by his plea/sentencing counsel's statement at the sentencing hearing, or failure to petition to withdraw.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/25/2022</u>